James J. Elacqua (SBN 187897)
E-mail: JElacqua@dbllp.com
Jeannine Yoo Sano (SBN 174190)
E-mail: JSano@dbllp.com
DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, California 94303-2225
Telephone: (650) 845-7000
Facsimile: (650) 845-7333

Kevin S. Kudlac (*pro hac vice* app. pending)
E-mail: KKudlac@dbllp.com
Pierre J. Hubert (*pro hac vice* app. pending)
E-mail: PHubert@dbllp.com
Craig N. Tolliver (*pro hac vice* app. pending)
E-mail: CTolliver@dbllp.com
DEWEY BALLANTINE LLP
401 Congress Avenue, Suite 3200
Austin, Texas 78701
Telephone: (512) 226-0300
Facsimile: (512) 226-0333

Gregory P. Stone (SBN 078329)
E-mail: Gregory.Stone@mto.com
Steven M. Perry (SBN 106154)
E-mail: Steven.Perry@mto.com
MUNGER TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Peter A. Detre (SBN 182619)
E-mail: Peter.Detre@mto.com
Carolyn Hoecker Luedtke (SBN 207976)
E-mail: Carolyn.Luedtke@mto.com
MUNGER TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for Plaintiff
Rambus Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| RAMBUS INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., <br><br> Defendants. | Case No. C05 02298 WDB <br><br> **COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND** |

Plaintiff Rambus Inc. states the following as its Complaint against Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.P. (collectively "Defendants").

## THE PARTIES

1. Rambus is a corporation organized and existing under the laws of Delaware, with its principal place of business in Los Altos, California. Rambus is a technology leader in developing chip-to-chip interface solutions that enable higher performance and system bandwidth for a broad range of consumer electronic, computing and networking applications. Rambus memory and logic interface products provide the connection from chip-to-chip, system-to-system and person-to-person, enabling state-of-the-art performance for users of PCs, video game consoles, printers, digital TVs, set-top boxes, printers, video projectors, network switches and routers.

2. Upon information and belief, Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of Korea, with a principal place of business at 250, 2-ka, Taepyung-ro, Chung-Ku, Seoul, South Korea, 100-742. Defendant Samsung Electronics America, Inc. is a wholly owned subsidiary of Samsung Electronics Co., Ltd., with its principal place of business at 105 Challenger Road, Ridgefield Park, NJ 07660. Defendant Samsung Semiconductor, Inc. is a wholly owned subsidiary of Samsung Electronics Co., Ltd., with its principal place of business at 3655 North First Street, San Jose, CA. 95134. Defendant Samsung Austin Semiconductor, L.P. is a limited partnership owned by Samsung Electronics Co., Ltd., with its principal place of business at 12100 Samsung Boulevard, Austin, TX 78754. Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.P. transact substantial business, either directly or through their agents, on an ongoing basis in this judicial district and elsewhere in the United States.

3. Unless specifically stated otherwise, the acts complained of herein were committed by, on behalf of, and/or for the benefit of Defendants.

## NATURE OF THE ACTION

4. This is an action for patent infringement.

5. Defendants have infringed and continue to infringe, contribute to the infringement of, and/or actively induce others to infringe Rambus's U.S. Patent No. 5,915,105 ("the '105

-2-

Patent"), U.S. Patent No. 5,953,263 ("the '263 Patent"), U.S. Patent No. 6,034,918 ("the '918 Patent"), U.S. Patent No. 6,038,195 ("the '195 Patent"), U.S. Patent No. 6,067,592 ("the '592 Patent"), U.S. Patent No. 6,101,152 ("the '152 Patent"), U.S. Patent No. 6,324,120 ("the '120 Patent"), U.S. Patent No. 6,378,020 ("the '020 Patent"), U.S. Patent No. 6,426,916 ("the '916 Patent"), and/or U.S. Patent No. 6,452,863 ("the '863 Patent") (collectively "Rambus Patents").

## JURISDICTION AND VENUE

6. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants because Defendants conduct business in the State of California and have infringed, have contributed to the infringement of, have actively induced others to infringe, continue to infringe, continue to contribute to the infringement of, and/or continue to actively induce others to infringe Rambus Patents as alleged below.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and/or 1400(b) because a substantial part of the events giving rise to Rambus's claims occurred in the Northern District of California and because each defendant is either resident in or otherwise subject to personal jurisdiction in the Northern District of California.

## FACTUAL BACKGROUND

9. Rambus is one of the world's leading designers of memory technologies used in computers, consumer electronics and network systems. Rambus also licenses its technology to various consumers, which incorporate Rambus memory technologies into various products, including memory components, memory modules, memory controllers and memory systems.

10. Upon information and belief, Defendants are in the business of, *inter alia*, making, using, selling, importing and/or offering for sale products in the United States that consist of or include: SDR SDRAM, Mobile-SDR SDRAM, SDR SGRAM, DDR SDRAM, Mobile-DDR SDRAM, DDR SGRAM, GDDR1 SDRAM, and/or Pseudo-SRAM memory

-3-

1 components and/or memory modules; and/or SDR and/or DDR Controllers (hereinafter
2 "Accused Products").

3     11.     Upon information and belief, Defendants have made, used, sold, imported and/or
4 offered for sale products consisting of or including Accused Products.

5     12.     On June 22, 1999, U.S. Patent No. 5,915,105 was duly and legally issued to
6 Rambus, as assignee of the inventors named therein, for an invention entitled "Integrated Circuit
7 I/O Using A High Performance Bus Interface." A true and correct copy of the '105 Patent is
8 attached as Exhibit A and incorporated herein by reference.

9     13.     On September 14, 1999, U.S. Patent No. 5,953,263 was duly and legally issued to
10 Rambus, as assignee of the inventors named therein, for an invention entitled "Synchronous
11 Memory Device Having A Programmable Register And Method Of Controlling Same." A true
12 and correct copy of the '263 Patent is attached as Exhibit B and incorporated herein by reference.

13     14.     On March 7, 2000, U.S. Patent No. 6,034,918 was duly and legally issued to
14 Rambus, as assignee of the inventors named therein, for an invention entitled "Method Of
15 Operating A Memory Having A Variable Data Output Length And A Programmable Register."
16 A true and correct copy of the '918 Patent is attached as Exhibit C and incorporated herein by
17 reference.

18     15.     On March 14, 2000, U.S. Patent No. 6,038,195 was duly and legally issued to
19 Rambus, as assignee of the inventors named therein, for an invention entitled "Synchronous
20 Memory Device Having A Delay Time Register And Method Of Operating Same." A true and
21 correct copy of the '195 Patent is attached as Exhibit D and incorporated herein by reference.

22     16.     On May 23, 2000, U.S. Patent No. 6,067,592 was duly and legally issued to
23 Rambus, as assignee of the inventors named therein, for an invention entitled "System Having A
24 Synchronous Memory Device." A true and correct copy of the '592 Patent is attached as Exhibit
25 E and incorporated herein by reference.

26     17.     On August 8, 2000, U.S. Patent No. 6,101,152 was duly and legally issued to
27 Rambus, as assignee of the inventors named therein, for an invention entitled "Method Of
28

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

-4-

Operating A Synchronous Memory Device." A true and correct copy of the '152 Patent is attached as Exhibit F and incorporated herein by reference.

18. On November 27, 2001, U.S. Patent No. 6,324,120 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Memory Device Having A Variable Data Output Length." A true and correct copy of the '120 Patent is attached as Exhibit G and incorporated herein by reference.

19. On April 23, 2002, U.S. Patent No. 6,378,020 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "System Having Double Data Transfer Rate And Intergrated Circuit Therefor." A true and correct copy of the '020 Patent is attached as Exhibit H and incorporated herein by reference.

20. On July 30, 2002, U.S. Patent No. 6,426,916 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Memory Device Having A Variable Data Output Length And A Programmable Register." A true and correct copy of the '916 Patent is attached as Exhibit I and incorporated herein by reference.

21. On September 17, 2002, U.S. Patent No. 6,452,863 was duly and legally issued to Rambus, as assignee of the inventors named therein, for an invention entitled "Method Of Operating A Memory Device Having A Variable Data Input Length." A true and correct copy of the '863 Patent is attached as Exhibit J and incorporated herein by reference.

22. On or about October 31, 2000, Samsung Electronics Co., Ltd. ("Samsung") and Rambus entered into an agreement entitled, "SDR/DDR IC and SDR/DDR Memory Module Patent License Agreement Between Rambus Inc. and Samsung Electronics Co., Ltd.," ("SDR/DDR License Agreement").

23. Samsung has failed to perform according to the terms of Section 4 of the SDR/DDR License Agreement relating to auditing, resulting in a breach of the SDR/DDR License Agreement.

24. On or about July 9, 2004, and July 29, 2004, Rambus provided Samsung with written notice of Samsung's breach of the SDR/DDR License Agreement.

25. On or about June 6, 2005, in view of Samsung's breach of the SDR/DDR License Agreement, Rambus terminated the agreement pursuant to Section 8.2 of the agreement, and informed Samsung of same.

26. At all relevant times, Rambus has been the owner of the entire right, title, and interest in each of the Rambus Patents.

27. Rambus is entitled to recover from Defendants the actual damages sustained by Rambus as a result of Defendants' wrongful acts alleged herein under 35 U.S.C. § 284 in an amount to be proven at trial, together with interest and costs.

28. Upon information and belief, Defendants' infringement of the Rambus Patents as set forth herein is willful, deliberate and in disregard of Rambus's patent rights, and Rambus is therefore entitled to increased damages up to three times the amount of actual damages and attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285.

## COUNT I
### (Patent Infringement of U.S. Patent No. 5,915,105 Under 35 U.S.C. § 271, *et. seq.*)

29. Rambus incorporates by reference and realleges paragraphs 1 through 28 above as though fully restated herein.

30. Upon information and belief, Defendants (1) have infringed and continue to infringe the '105 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '105 Patent, and/or actively induced others to infringe the '105 Patent, in this district and elsewhere in the United States.

## COUNT II
### (Patent Infringement of U.S. Patent No. 5,953,263 Under 35 U.S.C. § 271, *et. seq.*)

31. Rambus incorporates by reference and realleges paragraphs 1 through 30 above as though fully restated herein.

32. Upon information and belief, Defendants (1) have infringed and continue to infringe the '263 Patent by making, using, offering to sell, selling (directly or through

intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '263 Patent, and/or actively induced others to infringe the '263 Patent, in this district and elsewhere in the United States.

### COUNT III
### (Patent Infringement of U.S. Patent No. 6,034,918
### Under 35 U.S.C. § 271, *et. seq.*)

33. Rambus incorporates by reference and realleges paragraphs 1 through 32 above as though fully restated herein.

34. Upon information and belief, Defendants (1) have infringed and continue to infringe the '918 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '918 Patent, and/or actively induced others to infringe the '918 Patent, in this district and elsewhere in the United States.

### COUNT IV
### (Patent Infringement of U.S. Patent No. 6,038,195
### Under 35 U.S.C. § 271, *et. seq.*)

35. Rambus incorporates by reference and realleges paragraphs 1 through 34 above as though fully restated herein.

36. Upon information and belief, Defendants (1) have infringed and continue to infringe the '195 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '195 Patent, and/or actively induced others to infringe the '195 Patent, in this district and elsewhere in the United States.

### COUNT V
### (Patent Infringement of U.S. Patent No. 6,067,592
### Under 35 U.S.C. § 271, *et. seq.*)

37. Rambus incorporates by reference and realleges paragraphs 1 through 36 above as though fully restated herein.

Complaint for Patent
Infringement and Jury Demand

38. Upon information and belief, Defendants (1) have infringed and continue to infringe the '592 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '592 Patent, and/or actively induced others to infringe the '592 Patent, in this district and elsewhere in the United States.

## COUNT VI
### (Patent Infringement of U.S. Patent No. 6,101,152 Under 35 U.S.C. § 271, *et. seq.*)

39. Rambus incorporates by reference and realleges paragraphs 1 through 38 above as though fully restated herein.

40. Upon information and belief, Defendants (1) have infringed and continue to infringe the '152 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '152 Patent, and/or actively induced others to infringe the '152 Patent, in this district and elsewhere in the United States.

## COUNT VII
### (Patent Infringement of U.S. Patent No. 6,324,120 Under 35 U.S.C. § 271, *et. seq.*)

41. Rambus incorporates by reference and realleges paragraphs 1 through 40 above as though fully restated herein.

42. Upon information and belief, Defendants (1) have infringed and continue to infringe the '120 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '120 Patent, and/or actively induced others to infringe the '120 Patent, in this district and elsewhere in the United States.

## COUNT VIII
**(Patent Infringement of U.S. Patent No. 6,378,020
Under 35 U.S.C. § 271, *et. seq.*)**

43. Rambus incorporates by reference and realleges paragraphs 1 through 42 above as though fully restated herein.

44. Upon information and belief, Defendants (1) have infringed and continue to infringe the '020 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '020 Patent, and/or actively induced others to infringe the '020 Patent, in this district and elsewhere in the United States.

## COUNT IX
**(Patent Infringement of U.S. Patent No. 6,426,916
Under 35 U.S.C. § 271, *et. seq.*)**

45. Rambus incorporates by reference and realleges paragraphs 1 through 44 above as though fully restated herein.

46. Upon information and belief, Defendants (1) have infringed and continue to infringe the '916 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused Products, and/or (2) have contributed to the infringement of the '916 Patent, and/or actively induced others to infringe the '916 Patent, in this district and elsewhere in the United States.

## COUNT X
**(Patent Infringement of U.S. Patent No. 6,452,863
Under 35 U.S.C. § 271, *et. seq.*)**

47. Rambus incorporates by reference and realleges paragraphs 1 through 46 above as though fully restated herein.

48. Upon information and belief, Defendants (1) have infringed and continue to infringe the '863 Patent by making, using, offering to sell, selling (directly or through intermediaries), and importing, in this district and elsewhere in the United States, Accused

1 Products, and/or (2) have contributed to the infringement of the '863 Patent, and/or actively
2 induced others to infringe the '863 Patent, in this district and elsewhere in the United States.

### PRAYER FOR RELIEF

WHEREFORE, Rambus asks this Court to enter judgment in its favor against Defendants and grant the following relief:

    A.    An adjudication that Defendants have infringed and continue to infringe the Rambus Patents as alleged above;

    B.    An accounting of all damages sustained by Rambus as a result of Defendants' acts of infringement;

    C.    An award to Rambus of actual damages adequate to compensate Rambus for Defendants' acts of patent infringement, together with prejudgment interest;

    D.    An award to Rambus of enhanced damages, up to and including trebling of Rambus's damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement;

    E.    An award of Rambus's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law;

    F.    A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants, and each of their agents, servants, employees, principals, officers, attorneys, successors, assignees, and all those in active concert or participation with them, including related individuals and entities, customers, representatives, OEMs, dealers, and distributors from further acts of (1) infringement, (2) contributory infringement, and (3) active inducement to infringe with respect to the claims of the Rambus Patents;

    G.    Any further relief that this Court deems just and proper.

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

-10-

Complaint for Patent
Infringement and Jury Demand

AU1 21235v5

Respectfully submitted,

DATED: 6/6, 2005

DEWEY BALLANTINE LLP

By: _____
Jeannine Yoo Sano

Attorneys for Plaintiff
RAMBUS INC.

## DEMAND FOR A JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure and in accordance with Civil Local Rule 3-6, Rambus demands a trial by jury of all issues so triable in this matter.

Respectfully submitted,

DATED: 6/6, 2005

DEWEY BALLANTINE LLP

By: _____
Jeannine Yoo Sano

Attorneys for Plaintiff
RAMBUS INC.

DEWEY BALLANTINE LLP
1950 University Avenue, Suite 500
East Palo Alto, CA 94303-2225

-11-

Complaint for Patent
Infringement and Jury Demand