1   MATTHEW D. POWERS (Bar No. 104795)
    Email:  matthew.powers@weil.com
2   WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway
3   Redwood Shores, CA  94065
    Telephone:  (650) 802-3000
4   Facsimile:  (650) 802-3100

5   DAVID J. HEALEY
    Email: david.healey@weil.com
6   ANITA E. KADALA
    Email: anita.kadala@weil.com
7   WEIL, GOTSHAL & MANGES LLP
    700 Louisiana, Suite 1600
8   Houston, Texas 77002
    Telephone:  (713) 546-5000
9   Facsimile:  (713) 224-9511

10  DAVID C. RADULESCU
    Email: david.radulescu@weil.com
11  WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
12  New York, New York  10153-0119
    Telephone:  (212) 310-8000
13  Facsimile:  (212) 310-8007

14  Brian C. Riopelle
    MCGUIRE WOODS, LLP
15  One James Center
    901 East Cary Street
16  Richmond, Virginia 23219-4030
    Telephone: (804) 775-1000
17  Facsimile: (804) 775-1061

18  Attorneys for Defendants
    SAMSUNG ELECTRONICS CO., LTD.,
19  SAMSUNG ELECTRONICS AMERICA, INC.,
    SAMSUNG SEMICONDUCTOR, INC., and
20  SAMSUNG AUSTIN SEMICONDUCTOR, L.P.

21              UNITED STATES DISTRICT COURT

22      NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

23  RAMBUS, INC.,                          Case No. C 05 02298 WDB
            Plaintiff,
24  v.                                     ANSWER TO COMPLAINT FOR PATENT
    SAMSUNG ELECTRONICS CO., LTD.,         INFRINGEMENT AND JURY DEMAND
25  SAMSUNG ELECTRONICS AMERICA, INC.,     AND AFFIRMATIVE DEFENSES AND
    SAMSUNG SEMICONDUCTOR, INC.,           COUNTERCLAIMS
26  SAMSUNG AUSTIN SEMICONDUCTOR,
    L.P.,                                  JURY TRIAL DEMANDED
27          Defendants.

28

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants and Counterclaim Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.P. (collectively "Defendants" or "Samsung") respectfully answer Plaintiff Rambus Inc.'s ("Rambus") Complaint for Patent Infringement and Jury Demand ("Complaint") in correspondingly numbered paragraphs as follows:

### PARTIES

1.      Defendants admit that Rambus is a corporation organized and existing under the laws of Delaware.  Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 1 of the Complaint, and, on that basis, deny the same.

2.      Defendants admit that Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of Korea, with a principal place of business at 250, 2-Ka, Taepyung-Ro, Chung-Ku, Seoul, South Korea, 100-742.  Defendants admit that Samsung Electronics America, Inc. is a wholly owned subsidiary of Samsung Electronics Co., Ltd., with its principal place of business at 105 Challenger Road, Ridgefield Park, NJ 07660.  Defendants admit that Samsung Semiconductor, Inc. is a wholly owned subsidiary of Samsung Electronics Co., Ltd., with its principal place of business at 3655 North First Street, San Jose, CA 95134. Defendants admit that Samsung Austin Semiconductor, L.P. is a limited partnership owned by Samsung Electronics Co., Ltd., with its principal place of business at 12100 Samsung Boulevard, Austin, TX 78754.  Defendants deny that they transact substantial business in this district on an ongoing basis.

3.      Defendants deny the allegations in Paragraph 3 of the Complaint.

### NATURE OF THE ACTION

4.      Defendants admit that the Complaint purports to be an action for patent infringement, but deny any wrongdoing or liability.

5.      Defendants deny the allegations in Paragraph 5 of the Complaint.

1

## JURISDICTION AND VENUE

2       6.       Defendants admit that the Complaint purports to be an action for patent

3  infringement, but deny any wrongdoing or liability.  Defendants admit that this Court has subject-

4  matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5       7.       Defendants do not contest personal jurisdiction in this Court.  To the extent

6  not expressly admitted herein, Defendants deny the remaining allegations of Paragraph 7 of the

7  Complaint.

8       8.       Defendants do not contest that venue is proper in this Court.  To the extent

9  not expressly admitted herein, Defendants deny the remaining allegations of Paragraph 8 of the

10  Complaint.

11

## PURPORTED FACTUAL BACKGROUND

12       9.       Defendants admit that Rambus has executed licenses in the past.  To the

13  extent not expressly admitted herein, Defendants deny the remaining allegations in Paragraph 9 of

14  the Complaint.

15       10.       Defendants admit that they are each in one way or another in the business

16  of, *inter alia*, making, using, selling, importing, and/or offering for sale SDR SDRAM

17  components or modules, Mobile-SDR SDRAM components, SDR SGRAM components, DDR

18  SDRAM components and modules, Mobile-DDR SDRAM components, DDR SGRAM

19  components, GDDR1 SDRAM components, and Uni-Transistor RAM components.  Defendants

20  lack sufficient information to admit or deny the remaining allegations in Paragraph 10 of the

21  Complaint, and on that basis, deny the same.

22       11.       Defendants admit that they have each in one way or another made, used,

23  sold, imported, or offered for sale products consisting of or including SDR SDRAM components

24  or modules, Mobile-SDR SDRAM components, SDR SGRAM components, DDR SDRAM

25  components and modules, Mobile-DDR SDRAM components, DDR SGRAM components,

26  GDDR1 SDRAM components, and Uni-Transistor RAM components.  Defendants lack sufficient

27  information to admit or deny the remaining allegations in Paragraph 11 of the Complaint, and on

28  that basis, deny the same.

12.     Defendants admit that on its face, U.S. Patent No. 5,915,105 (the "'105 Patent") purports to have issued on June 22, 1999, and to be entitled "Integrated Circuit I/O Using a High Performance Bus Interface," but deny it was duly and legally issued.  All other allegations of Paragraph 12 not specifically admitted herein are denied.

13.     Defendants admit that on its face, U.S. Patent No. 5,953,263 (the "'263 Patent") purports to have issued on September 14, 1999, and to be entitled "Synchronous Memory Device Having a Programmable Register and Method of Controlling Same," but deny it was duly and legally issued.  All other allegations of Paragraph 13 not specifically admitted herein are denied.

14.     Defendants admit that on its face, U.S. Patent No. 6,034,918 (the "'918 Patent") purports to have issued on March 7, 2000, and to be entitled "Method of Operating a Memory Having a Variable Data Output Length and a Programmable Register," but deny it was duly and legally issued.  All other allegations of Paragraph 14 not specifically admitted herein are denied.

15.     Defendants admit that on its face, U.S. Patent No. 6,038,195 (the "'195 Patent") purports to have issued on March 14, 2000, and to be entitled  "Synchronous Memory Device Having a Delay Time Register and Method of Operating Same," but deny it was duly and legally issued.  All other allegations of Paragraph 15 not specifically admitted herein are denied.

16.     Defendants admit that on its face, U.S. Patent No. 6,067,592 (the "'592 Patent") purports to have issued on May 23, 2000, and to be entitled "System Having a Synchronous Memory Device," but deny it was duly and legally issued.  All other allegations of Paragraph 16 not specifically admitted herein are denied.

17.     Defendants admit that on its face, U.S. Patent No. 6,101,152 (the "'152 Patent") purports to have issued on August 8, 2000, and to be entitled "Method Of Operating A Synchronous Memory Device," but deny it was duly and legally issued.  All other allegations of Paragraph 17 not specifically admitted herein are denied.

18.     Defendants admit that on its face, U.S. Patent No. 6,324,120 (the "'120 Patent") purports to have issued on November 27, 2001, and to be entitled "Memory Device

Having a Variable Data Output Length," but deny it was duly and legally issued.  All other allegations of Paragraph 18 not specifically admitted herein are denied.

19.     Defendants admit that on its face, U.S. Patent No. 6,378,020 (the "'020 Patent") purports to have issued on April 23, 2002, and to be entitled "System Having Double Data Transfer Rate and Intergrated [sic] Circuit Therefor," but deny it was duly and legally issued.  All other allegations of Paragraph 19 not specifically admitted herein are denied.

20.     Defendants admit that on its face, U.S. Patent No. 6,426,916 (the "'916 Patent") purports to have issued on July 30, 2002, and to be entitled "Memory Device Having a Variable Data Output Length and a Programmable Register," but deny it was duly and legally issued.  All other allegations of Paragraph 20 not specifically admitted herein are denied.

21.     Defendants admit that on its face, U.S. Patent No. 6,452,863 (the "'863 Patent") purports to have issued on September 17, 2002, and to be entitled "Method Of Operating a Memory Device Having a Variable Data Input Length," but deny it was duly and legally issued. All other allegations of Paragraph 21 not specifically admitted herein are denied.

22.     Defendants admit the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint.

26.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint, and on that basis, deny the same.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

**COUNT 1:  DENIAL OF ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,915,105**

29.     Defendants refer to and incorporate herein their answers as provided in Paragraphs 1-28 above.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint. Defendants cannot infringe, contribute to the infringement of, or induce the infringement of the

'105 Patent because, at least, the '105 Patent is invalid and unenforceable. All other allegations of Paragraph 30 not specifically admitted herein are denied.

**COUNT 2:  DENIAL OF ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,953,263**

31.     Defendants refer to and incorporate herein its answers as provided in Paragraphs 1-30 above.

32.     Defendants deny the allegations in Paragraph 32 of the Complaint. Defendants cannot infringe, contribute to the infringement of, or induce the infringement of the '263 Patent because, at least, the '263 Patent is invalid and unenforceable. All other allegations of Paragraph 32 not specifically admitted herein are denied.

**COUNT 3: DENIAL OF ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,034,918**

33.     Defendants refer to and incorporate herein their answers as provided in Paragraphs 1-32 above.

34.     Defendants deny the allegations in Paragraph 34 of the Complaint. Defendants cannot infringe, contribute to the infringement of, or induce the infringement of the '918 Patent because, at least, the '918 Patent is invalid and unenforceable. All other allegations of Paragraph 34 not specifically admitted herein are denied.

**COUNT 4:  DENIAL OF ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,038,195**

35.     Defendants refer to and incorporate herein their answers as provided in Paragraphs 1-34 above.

36.     Defendants deny the allegations in Paragraph 36 of the Complaint. Defendants cannot infringe, contribute to the infringement of, or induce the infringement of the '195 Patent because, at least, the '195 Patent is invalid and unenforceable. All other allegations of Paragraph 36 not specifically admitted herein are denied.

**COUNT 5:  DENIAL OF ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,067,592**

37.     Defendants refer to and incorporate herein their answers as provided in Paragraphs 1-36 above.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint. Defendants cannot infringe, contribute to the infringement of, or induce the infringement of the

'592 Patent because, at least, the '592 Patent is invalid and unenforceable.  All other allegations of Paragraph 38 not specifically admitted herein are denied.

**COUNT 6:  DENIAL OF ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,101,152**

39.     Defendants refer to and incorporate herein their answers as provided in Paragraphs 1-38 above.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint. Defendants cannot infringe, contribute to the infringement of, or induce the infringement of the '152 Patent because, at least, the '152 Patent is invalid and unenforceable.  All other allegations of Paragraph 39 not specifically admitted herein are denied.

**COUNT 7:  DENIAL OF ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,324,120**

41.     Defendants refer to and incorporate herein their answers as provided in Paragraphs 1-40 above.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint. Defendants cannot infringe, contribute to the infringement of, or induce the infringement of the '120 Patent because, at least, the '120 Patent is invalid and unenforceable.  All other allegations of Paragraph 42 not specifically admitted herein are denied.

**COUNT 8:  DENIAL OF ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,378,020**

43.     Defendants refer to and incorporate herein their answers as provided in Paragraphs 1-42 above.

44.     Defendants deny the allegations in Paragraph 44 of the Complaint. Defendants cannot infringe, contribute to the infringement of, or induce the infringement of the '020 Patent because, at least, the '020 Patent is invalid and unenforceable.  All other allegations of Paragraph 44 not specifically admitted herein are denied.

**COUNT 9: DENIAL OF ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,426,916**

45.     Defendants refer to and incorporate herein their answers as provided in Paragraphs 1-44 above.

46.     Defendants deny the allegations in Paragraph 46 of the Complaint. Defendants cannot infringe, contribute to the infringement of, or induce the infringement of the

'916 Patent because, at least, the '916 Patent is invalid and unenforceable.  All other allegations of Paragraph 46 not specifically admitted herein are denied.

**COUNT 10:  DENIAL OF ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,452,863**

47.     Defendants refer to and incorporate herein their answers as provided in Paragraphs 1-46 above.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint. Defendants cannot infringe, contribute to the infringement of, or induce the infringement of the '863 Patent because, at least, the '863 Patent is invalid and unenforceable.  All other allegations of Paragraph 48 not specifically admitted herein are denied.

**DENIAL OF RAMBUS'S PRAYER FOR RELIEF**

49.     Defendants deny that Rambus is entitled to be awarded any of the relief sought in its prayer for relief against Defendants.  Defendants have not directly, indirectly, contributorily, and/or by inducement, literally and/or by the doctrine of equivalents, infringed—willfully or otherwise—any of the patents asserted by Rambus.  Rambus is not entitled to recover statutory damages, compensatory damages, or accounting, injunctive relief, costs, fees, interest, or any other type of recovery from Defendants.  Rambus's prayer should, therefore, be denied in its entirety and with prejudice, and Rambus should take nothing therefore.  Defendants asks that judgment be entered for them and that they be awarded attorneys' fees in defending against the Complaint, together with such other and further relief the Court deems appropriate.

**I.     AFFIRMATIVE DEFENSES**

As and for their affirmative defenses, Defendants allege as follows:

**First Affirmative Defense – Failure to State a Claim**

50.     The Complaint fails to state a claim upon which relief can be granted because Defendants have not performed any act or thing and are not proposing to perform any act or thing in violation of any rights validly belonging to Plaintiff.

**Second Affirmative Defense – Noninfringement**

51.     The '105, '263, '918, '195, '592, '152, '120, '020, '916, and '863 Patents are invalid and unenforceable.

52.     Defendants do not infringe and have not infringed, either directly or indirectly, do not and have not contributed to infringement, and do not and have not induced the infringement of any claim of the '105, '263, '918, '195, '592, '152, '120, '020, '916, or '863 Patents.

### Third Affirmative Defense – Patent Invalidity

53.     The '105, '263, '918, '195, '592, '152, '120, '020, '916, and '863 Patents are invalid for failure to meet the conditions of patentability of 35 U.S.C. § 101 *et. seq.*, including, without limitation, §§ 102, 103, and/or 112.

### Fourth Affirmative Defense – Prosecution Laches

54.     Rambus's claims for relief and prayer for damages in the Complaint are barred, in whole or in part, because the equitable doctrine of prosecution laches renders the '105, '263, '918, '195, '592, '152, '120, '020, '916, and '863 Patents unenforceable.

### Fifth Affirmative Defense – Unclean Hands

55.     Rambus's claims for relief and prayer for damages in the Complaint are barred, in whole or in part, because the equitable doctrine of unclean hands renders the '105, '263, '918, '195, '592, '152, '120, '020, '916, and '863 Patents unenforceable.

### Sixth Affirmative Defense – Equitable Estoppel

56.     Rambus's claims for relief and prayer for damages in the Complaint are barred, in whole or in part, because the doctrine of equitable estoppel renders the '105, '263, '918, '195, '592, '152, '120, '020, '916, and '863 Patents unenforceable.

### Seventh Affirmative Defense – Patent Misuse

57.     Rambus's claims for relief and prayer for damages in the Complaint are barred, in part, because at least the '263 and '918 Patents are unenforceable based on the doctrine of Patent Misuse.

### Eighth Affirmative Defense – Marking and Limitations

58.     Rambus's claims for relief and prayer for damages are barred, in whole or in part, by 35 U.S.C §§ 286 and 287.

**COUNTERCLAIMS**

Defendant/Counterclaim Plaintiff Samsung Electronics Co., Ltd. ("SEC") brings these counterclaims against Plaintiff/Counterclaim Defendant Rambus Inc. ("Rambus"). Defendant/Counterclaim Plaintiff Samsung America Electronics, Inc., ("SEA") joins in certain counterclaims as stated below.

59. Samsung Electronics Co., Ltd. ("SEC") is a corporation organized and existing under the laws of Korea, with a principal place of business at 250, 2-Ka, Taepyung-Ro, Chung-Ku, Seoul, South Korea, 100-742. Samsung Electronics America, Inc. ("SEA") is a corporation organized and existing under the laws of New Jersey, with a principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey, 07660.

60. Rambus is a corporation incorporated and existing under the laws of Delaware. Rambus's principal place of business is at 4440 El Camino Real, Los Altos, California, 94022.

**JURISDICTION AND VENUE**

61. This Court has subject matter jurisdiction over SEC's and SEA's patent counterclaims, which arise under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202. This Court has subject matter jurisdiction over SEC's and SEA's state law claims pursuant to 28 U.S.C. §§ 1332 and 1337, as SEC is a foreign citizen, SEA is a citizen of the State of New Jersey, Rambus is a citizen of the States of California and Delaware, and the amount in controversy exceeds $75,000; further, some or all of these claims fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because some of these claims are so related to the patent claims that they form part of the same case or controversy.

62. This Court has personal jurisdiction over Rambus at least because Rambus filed its claim for patent infringement in this Court, in response to which these counterclaims are filed.

63. Venue is established in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400. Venue is additionally proper in this Court because Rambus has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court, in

1   response to which these counterclaims are filed.  Further, Rambus is a resident of the State of

2   California and is generally present here.

3   **GENERAL ALLEGATIONS**

4   64.   On or about October 31, 2000, SEC and Rambus entered into an agreement

5   entitled "SDR/DDR IC and SDR/DDR Memory Module Patent License Agreement Between

6   Rambus Inc. and Samsung Electronics Co., Ltd." (the "SDR/DDR License").

7   65.   Rambus claims to be the owner by assignment of U.S. Patent No.

8   5,915,105 (the "'105 Patent"), which is entitled "Integrated Circuit I/O Using A High

9   Performance Bus Interface," and which issued on June 22, 1999.

10   66.   Rambus claims to be the owner by assignment of U.S. Patent No.

11   5,953,263 (the "'263 Patent"), which is entitled "Synchronous Memory Device Having A

12   Programmable Register And Method of Controlling Same," and which issued on September 14,

13   1999.

14   67.   Rambus claims to be the owner by assignment of U.S. Patent No.

15   6,034,918 (the "'918 Patent"), which is entitled "Method of Operating A Memory Having A

16   Variable Data Output Length And A Programmable Register," and which issued on March 7,

17   2000.

18   68.   Rambus claims to be the owner by assignment of U.S. Patent No.

19   6,038,195 (the "'195 Patent"), which is entitled "Synchronous Memory Device Having A Delay

20   Time Register and Method of Operating Same," and which issued on March 14, 2000.

21   69.   Rambus claims to be the owner by assignment of U.S. Patent No.

22   6,067,592 (the "'592 Patent"), which is entitled "System Having A Synchronous Memory

23   Device," and which issued on May 23, 2000.

24   70.   Rambus claims to be the owner by assignment of U.S. Patent No.

25   6,101,152 (the "'152 Patent"), which is entitled "Method Of Operating A Synchronous Memory

26   Device," and which issued on August 8, 2000.

27

28

ANSWER TO COMPLAINT FOR PATENT
INFRINGEMENT                              10          CASE NO. C 05 02298 WDB

71.     Rambus claims to be the owner by assignment of U.S. Patent No. 6,324,120 (the "'120 Patent"), which is entitled "Memory Device Having A Variable Data Output Length," and which issued on November 27, 2001.

72.     Rambus claims to be the owner by assignment of U.S. Patent No. 6,378,020 (the "'020 Patent"), which is entitled "System Having Double Data Transfer Rate And Intergrated [sic] Circuit Therefor," and which issued on April 23, 2002.

73.     Rambus claims to be the owner by assignment of U.S. Patent No. 6,426,916 (the "'916 Patent"), which is entitled "Memory Device Having A Variable Data Output Length And A Programmable Register," and which issued on July 30, 2002.

74.     Rambus claims to be the owner by assignment of U.S. Patent No. 6,452,863 (the "'863 Patent"), which is entitled "Method Of Operating A Memory Device Having A Variable Data Input Length," and which issued on September 17, 2002.

75.     Mr. Neil Steinberg was employed as an in-house attorney for SEC and its subsidiaries, through its SEA subsidiary, into August 1998.

76.     By February 1998, Rambus had secretly engaged Mr. Steinberg to actively work for it as an attorney, providing legal advice and strategies for the enforcement of legal claims, including patent claims against DRAM manufacturers such as Samsung, notwithstanding the fact that Rambus knew Mr. Steinberg was employed as a full-time, in-house counsel for Samsung.  By June 1998, while still employed at Samsung, Mr. Steinberg had a Rambus e-mail account.

77.     As an in-house attorney for Samsung, Mr. Steinberg owed Samsung a fiduciary duty of utmost good faith and fair dealing and undivided loyalty and honesty in fact.

78.     Mr. Steinberg ended his employment with Samsung in August 1998.

79.     Upon information and belief, Mr. Steinberg actively worked to help Rambus plan patent prosecution strategies, patent enforcement strategies, document handling and retention strategies for use in litigation, and to take other measures to extract royalties from manufacturers of DRAMs, including Samsung.  (Samsung does not know whether Mr. Steinberg actually worked on patent applications during this time, but reserves the right to take discovery

and amend if discovery shows that he did so.)  Further, upon information and belief, Mr.

Steinberg used information about Samsung's business and DRAM products in working for

Rambus while he was under contractual and fiduciary duties not to disclose such information

about Samsung's business or to use it contrary to Samsung's interests, regardless of whether such

information was trade secret.

80.     Rambus was aware that Mr. Steinberg was still employed as an attorney by

Samsung when Rambus engaged his services.  Rambus was further aware of the fiduciary

capacity in which Mr. Steinberg worked for Samsung, and of the duties that Mr. Steinberg owed

to Samsung.

81.     The existence of Mr. Steinberg's dual employment with Samsung and

Rambus was revealed for the first time during the trial of *Rambus v. Infineon*, in the U.S. District

Court for the Eastern District of Virginia in 2005, and could not have been discovered by

Samsung before that time.

82.     During the Spring and Summer of 1998, Mr. Steinberg, in-house counsel

for Samsung, had a written employment contract with Samsung for a specific term, which

permitted Mr. Steinberg to work only for Samsung during the term of that contract unless

Samsung gave him permission otherwise.  This contract also included specific obligations of

nondisclosure and confidentiality, in addition to those imposed ethically and by law on Mr.

Steinberg through his fiduciary capacity as an attorney.  Specifically, the contract prohibited Mr.

Steinberg from disclosing "any processes, formulas, improvements, inventions, discoveries, trade

secrets, or other proprietary information" to any person without Samsung's prior written consent.

83.     Rambus was aware that Mr. Steinberg was employed as in-house counsel

for Samsung under a written employment contract for a specific term.  Rambus was further aware

that at the time Mr. Steinberg's employment began with Rambus, his written employment

contract had not been terminated and was still in effect.  Also during this time, Rambus knew that

Mr. Steinberg's contract included nondisclosure clauses and restrictions on additional

employment, and that Samsung had not consented to (and was unaware of) Mr. Steinberg's

employment by Rambus.

84.     Nevertheless, contrary to Mr. Steinberg's express contract provisions with Samsung, Rambus employed Mr. Steinberg to perform work on behalf of Rambus.  Upon information and belief, Mr. Steinberg actively worked to help Rambus plan patent prosecution strategies, patent enforcement strategies, document handling and retention strategies for use in litigation, and to take other measures to extract royalties from manufacturers of DRAMs, including Samsung.  (Samsung does not know whether Mr. Steinberg actually worked on patent applications during this time, but reserves the right to take discovery and amend if discovery shows that he did so.)  Further, upon information and belief, Mr. Steinberg used information about Samsung's business and DRAM products in working for Rambus while he was under contractual and fiduciary duties not to disclose such information about Samsung's business or use it contrary to Samsung's interests, regardless of whether such information was trade secret.  As a result, Rambus intentionally interfered with the Steinberg-Samsung employment contract by hiring Mr. Steinberg in February of 1998.

85.     The existence of Mr. Steinberg's dual employment with Samsung and Rambus was revealed for the first time during the trial of *Rambus v. Infineon*, in the U.S. District Court for the Eastern District of Virginia in 2005, and Samsung could not have known of Rambus's actions in interfering with this contract prior to that trial.

86.     During the 1990's, Rambus participated actively in industry meetings on standards for SDRAMs and DDR DRAMs at the Joint Electron Device Engineering Council ("JEDEC").  Rambus improperly used information it obtained as a result of its membership in JEDEC to secure additional patents and claims.  Rambus's use of this information was in violation of policies applicable to all JEDEC members and constituted fraud on JEDEC.  Further, Rambus's failure to disclose to other members of JEDEC that it had taken information from JEDEC to craft its patent claims, only to seek to enforce its claims against JEDEC-compliant products many years after JEDEC members had invested heavily in the technology without notice of Rambus's conduct, is inequitable and estops Rambus from enforcing its patents against JEDEC members.

87.     By February 1998, Rambus decided to litigate in order to license its purported SDRAM and DDR SDRAM technology to the DRAM industry.  By the Spring of 1998, before it commenced its litigation strategy, Rambus was actively seeking to improve its SDRAM and DDR SDRAM patent portfolio.

88.     In September 1998, Rambus commenced its first known "shred party." During this first shred party, Rambus began to "cleanse" its patent prosecution and related files by destroying documents related to, at least, patents that Rambus was planning to enforce against the DRAM industry.  The destroyed documents related to, among others, patents to which other Rambus patents claim priority, including patents that issued after the first shred party.

89.     During April 1999, Rambus had its patent attorneys "cleanse" their files.

90.     During August 1999, Rambus commenced its second known "shred party." During this second shred party, Rambus again "cleansed" its patent prosecution and related files by destroying additional documents related to, at least, patents that Rambus was planning to enforce or was litigating against the DRAM industry.  The destroyed documents related to, among others, patents to which other Rambus patents claim priority, including patents that issued after the second shred party.

91.     During the Spring of 2000, Rambus was notified by its outside counsel that it had a duty to preserve all documents related to its patents and/or the litigation against DRAM manufacturers.

92.     During June 2000 and after its litigation with Hitachi settled, Rambus again asked its patent attorneys to destroy documents.

93.     During December 2000, Rambus commenced its third known "shred party."  During this third shred party, Rambus again "cleansed" its patent prosecution and related files by destroying additional documents related to, at least, patents that Rambus was enforcing and litigating against the DRAM industry.  The destroyed documents related to, among others, patents to which other Rambus patents claim priority, including patents that issued after the third shred party.

94.     Samsung could not have discovered Rambus's destruction of documents until it was publicly in a trial in *Rambus v. Infineon* in the Eastern District of Virginia in February 2005.

95.     Samsung and Rambus executed the SDR/DDR License to Rambus's patents for, among other things, SDRAM and DDR patents, in 2000.  The SDR/DDR License required Rambus to notify Samsung if another, later licensee received a lower effective royalty rate; and, further to adjust Samsung's rate to the lower effective rate.  (Section 3.8).  Further, the SDR/DDR License also required good faith negotiation of a renewal.  (Section 8.5).  Finally, there is a duty of good faith and fair dealing in the SDR/DDR License.

**COUNT I (Breach of Section 3.8 of the SDR/DDR License)**

96.     SEC and SEA reallege and incorporate by reference Paragraphs 1-28 and 59-92 above as though fully set forth herein.

97.     Section 3.8 of the SDR/DDR License requires Rambus to notify SEC of any lower effective royalty rate paid by any third party for specific products defined in the SDR/DDR License.

98.     Rambus and Infineon entered into a license agreement during the Spring of 2005 (the "Rambus/Infineon License").  On information and belief, the Rambus/Infineon License provided for an effective royalty rate that was lower than that being paid by SEC under the SDR/DDR License.

99.     Rambus failed to notify SEC of the lower effective royalty rate agreed to be paid by Infineon as provided for in the Rambus/Infineon License.

100.     Rambus breached Section 3.8 of the SDR/DDR License Agreement by failing to notify SEC of the lower effective royalty rate provided for in the Rambus/Infineon License.

101.     Section 3.8 of the SDR/DDR License required Rambus to adjust the royalty rate paid by SEC to match any lower effective royalty rate paid by a third party.

102.     Rambus failed to adjust SEC's royalty rate following the execution of the Rambus/Infineon License.

103.     Rambus breached Section 3.8 of the SDR/DDR License by failing to adjust SEC's royalty rate based upon the lower effective royalty rate provided for in the Rambus/Infineon License.

104.     All conditions precedent have been met.

105.     SEC has suffered damages as a result of the breach by Rambus of Section 3.8 of the SDR/DDR License.

## COUNT II (Breach of Section 8.5 of the SDR/DDR License)

106.     SEC and SEA reallege and incorporate by reference Paragraphs 1-28 and 59-92 above as though fully set forth herein.

107.     Section 8.5 of the SDR/DDR License provides that SEC and Rambus will negotiate an extension or renewal of the SDR/DDR License in good faith.

108.     Rambus failed to provide notice of certain terms of the Rambus/Infineon License as required under Section 3.8 of the SDR/DDR License, thereby precluding good faith negotiations for the extension or renewal of the SDR/DDR License.

109.     Rambus breached Section 8.5 of the SDR/DDR License by failing to provide SEC with notice of those certain terms of the Rambus/Infineon License as required under Section 3.8 of the SDR/DDR License.  By withholding notice of the terms, Rambus did not and could not negotiate a new license agreement with SEC in good faith.

110.     All conditions precedent have been met.

111.     SEC has suffered damages as a result of the breach by Rambus of Section 8.5 of the SDR/DDR License.

## COUNT III (Breach of the Duty of Good Faith and Fair Dealing of Sections 3.8 and 8.5 of the SDR/DDR License)

112.     SEC and SEA reallege and incorporate by reference Paragraphs 1-28 and 59-92 above as though fully set forth herein.

113.     Under Section 9.1, the SDR/DDR License is to be governed by, and interpreted in accordance with, U.S. federal law and California law.

ANSWER TO COMPLAINT FOR PATENT
INFRINGEMENT                16

114.    Under California law, Section 3.8 of the SDR/DDR License includes a duty of good faith and fair dealing owed by Rambus to SEC to inform SEC of the lower royalty rate provided for in the Rambus/Infineon License and to adjust Samsung's rate to the lower rate.

115.    Rambus failed to inform SEC of the lower royalty rate provided for in the Rambus/Infineon License.

116.    Rambus breached the duty of good faith and fair dealing of the SDR/DDR License by failing to inform SEC of the lower effective royalty rate provided for in the Rambus/Infineon License.

117.    Under California law, the duty of good faith and fair dealing required by Rambus to adjust the royalty rate paid by SEC to match any lower effective royalty rate paid by a third party.

118.    Rambus failed adjust the royalty rate paid by SEC to match the lower effective royalty rate provided for in the Rambus/Infineon License.

119.    Rambus breached the duty of good faith and fair dealing by failing to adjust the royalty rate paid by SEC to match the lower effective royalty rate provided for in the Rambus/Infineon License.

120.    Under California law, Section 8.5 of the SDR/DDR License includes a duty of owed by Rambus to SEC to negotiate an extension or renewal of the SDR/DDR License in good faith.

121.    Rambus failed to provide notice of the terms of the Rambus/Infineon License to SEC, thereby precluding good faith negotiations for the extension or renewal of the SDR/DDR License.

122.    Rambus breached the duty of good faith and fair dealing of the SDR/DDR License by failing to provide notice of the terms of the Rambus/Infineon License to SEC.  By withholding notice of the terms, Rambus did not and could not negotiate a new license agreement with SEC in good faith.

123.    All conditions precedent have been met.

124.    SEC has suffered damages as a result of the breach of the duty of good faith and fair dealing by Rambus of the SDR/DDR License.

## COUNT IV (Aiding and Abetting Breach of Fiduciary Duty)

125.    SEC and SEA reallege and incorporate by reference Paragraphs 1-28 and 59-92 above as though fully set forth herein.

126.    As an in-house attorney for Samsung, Mr. Steinberg owed Samsung a fiduciary duty of utmost good faith and fair dealing and undivided loyalty and honesty in fact.

127.    By actively working for Rambus in secret and contrary to Samsung's interests during the time he was employed as an attorney for Samsung, Mr. Steinberg breached his fiduciary duty to Samsung.

128.    Rambus was aware that Mr. Steinberg was still employed as an attorney by Samsung when Rambus engaged his services, and that Samsung had not given permission for Mr. Steinberg to concurrently work for Rambus.  Rambus was further aware of the fiduciary capacity in which Mr. Steinberg worked for Samsung, and of the duties that Mr. Steinberg owed to Samsung.

129.    By its conduct, Rambus aided and abetted Mr. Steinberg in breaching the fiduciary duty that he owed to Samsung.

130.    The existence of Mr. Steinberg's dual employment with Samsung and Rambus was revealed for the first time during the trial of *Rambus v. Infineon*, in the U.S. District Court for the Eastern District of Virginia in 2005, and could not have been discovered by Samsung before that time.

131.    SEC and SEA were harmed by Rambus's aiding and abetting Mr. Steinberg's breach of his fiduciary duty to Samsung.

## COUNT V (Intentional Interference with Contract)

132.    SEC and SEA reallege and incorporate by reference Paragraphs 1-28 and 59-92  above as though fully restated herein.

133.    Rambus was aware that Mr. Steinberg was employed as in-house counsel for Samsung under a written employment contract for a specific term.  Rambus was further aware

that at the time Mr. Steinberg's employment began with Rambus, his written employment contract had not been terminated and was still in effect. Also during this time, Rambus knew that Mr. Steinberg's contract included nondisclosure clauses and restrictions on additional employment.

134. Upon information and belief, Mr. Steinberg actively worked to help Rambus plan patent prosecution strategies, patent enforcement strategies, document handling and retention strategies for use in litigation, and to take other measures to extract royalties from manufacturers of DRAMs, including Samsung. (Samsung does not know whether Mr. Steinberg actually worked on patent applications during this time, but reserves the right to take discovery and amend if discovery shows that he did so.) Further, upon information and belief, while employed at Samsung, Mr. Steinberg used information about Samsung's business and DRAM products in connection with his work for Rambus, despite the fact that he was under contractual and fiduciary duties not to disclose such information about Samsung's business or use it contrary to Samsung's interests, regardless of whether such information was trade secret. As a result, Rambus intentionally interfered with the Steinberg-Samsung employment contract by hiring Mr. Steinberg in February of 1998.

135. The existence of Mr. Steinberg's dual employment with Samsung and Rambus was revealed for the first time during the trial of *Rambus v. Infineon*, in the U.S. District Court for the Eastern District of Virginia in 2005, and Samsung could not have known of Rambus's actions in interfering with this contract prior to that trial.

136. SEC and SEA were harmed by Rambus's intentional interference with Mr. Steinberg's employment contract.

## COUNT VI (Violation of California Bus. & Prof. Code Section 17,200)

137. SEC and SEA reallege and incorporate by reference Paragraphs 1-28 and 59-92 above as though fully restated herein.

138. Rambus's entire course of conduct, from hiring Mr. Steinberg while still employed at Samsung, to the "shred parties," to the persistent pursuit of patent claims beyond its original disclosures, constituted unfair conduct toward Samsung.

139.    California Bus. & Prof. Code Section 17,200 proscribes unfair conduct, including Rambus's conduct toward Samsung.

140.    By acting unfairly toward Samsung, Rambus violated California Bus. & Prof. Code Section 17,200.

141.    SEC and SEA have suffered, and continue to suffer damages as a result of Rambus's violation of California Bus. & Prof. Code Section 17,200.

**COUNT VII (Declaratory Judgment of Noninfringement, Invalidity and Unenforceability)**

142.    SEC and SEA reallege and incorporate by reference Paragraphs 1-28 and 59-92 above as though fully set forth herein.

143.    An actual and justiciable controversy exists between SEC, SEA and Rambus with respect to the '105, '263, '918, '195, '592, '152, '120, '020, '916, and '863 Patents because Rambus has brought this action against Defendants alleging that the Defendants infringe the '105, '263, '918, '195, '592, '152, '120, '020, '916, and '863 Patents.  Absent a declaration of noninfringement, invalidity, and unenforceability, Rambus will continue to wrongfully assert the '105, '263, '918, '195, '592, '152, '120, '020, '916, and '863 Patents against the Defendants, and thereby cause SEC and SEA irreparable injury and damage.

144.    SEC and SEA have not infringed the '105, '263, '918, '195, '592, '152, '120, '020, '916, and '863 Patents, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise, and SEC and SEA are entitled to a declaration to that effect.

145.    The '105, '263, '918, '195, '592, '152, '120, '020, '916, and '863 Patents are invalid under the provisions of Title 35, United States Code, including, but not limited to Sections 102, 103, and/or 112, and SEC and SEA are entitled to a declaration to that effect.

146.    The '105, '263, '918, '195, '592, '152, '120, '020, '916, and '863 Patents are unenforceable under the provisions of Title 35, United States Code, including, but not limited to Sections 102, 103, and/or 112, and SEC and SEA are entitled to a declaration to that effect.

147.    Rambus unfairly and inequitably filed multiple continuation applications over a long period of time.  Because Rambus failed to timely prosecute the '105, '263, '918, '195, '592, '152, '120, '020, '916, and '863 Patents, the '105, '263, '918, '195, '592, '152, '120, '020,

'916, and '863 Patents are unenforceable due to prosecution laches, and SEC and SEA are entitled to a declaration to that effect.

148.    The '105, '263, '918, '195, '592, '152, '120, '020, '916, and '863 Patents are unenforceable based upon, at least, unclean hands, and SEC and SEA are entitled to a declaration to that effect.

149.    The '105, '263, '918, '195, '592, '152, '120, '020, '916, and '863 Patents are unenforceable as to all members of JEDEC including SGC, SGA, SSI, and SAS, due to equitable estoppel and patent misuse.

## **PRAYER FOR RELIEF**

WHEREFORE, Samsung asks this Court to enter judgment in its favor against Rambus and grant the following relief:

A.    A finding that Rambus breached Section 3.8 of the SDR/DDR IC and SDR/DDR Memory Module Patent License Agreement Between Rambus Inc. and Samsung Electronics Co., Ltd., and an award of all damages Samsung Electronics Co., Ltd. suffered as a result of the breach;

B.    A finding that Rambus breached Section 8.5 of the SDR/DDR IC and SDR/DDR Memory Module Patent License Agreement Between Rambus Inc. and Samsung Electronics Co., Ltd., and an award of all damages Samsung Electronics Co., Ltd. suffered as a result of the breach;

C.    A finding that Rambus aided and abetted the breach of fiduciary duty owed to Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. by Neil Steinberg, and an award of all damages Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. suffered as a result of the breach;

D.    A finding that Rambus intentionally interfered with a contract involving Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc., and an award of all damages Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. suffered as a result of that intentional interference;

1         E.      A finding that Rambus violated California Bus. & Prof. Code Section

2  17,200, and an award of restitution for Samsung Electronics Co., Ltd. and Samsung Electronics

3  America, Inc. for loss suffered as a result of Rambus's unfair conduct;

4         F.      A declaration that the claims of U.S. Patent No. 5,915,105 are not infringed

5  by Samsung Electronics Co., Ltd. or Samsung Electronics America, Inc.;

6         G.      A declaration that the claims of U.S. Patent No. 5,953,263 are not infringed

7  by Samsung Electronics Co., Ltd. or Samsung Electronics America, Inc.;

8         H.      A declaration that the claims of U.S. Patent No. 6,034,918 are not infringed

9  by Samsung Electronics Co., Ltd. or Samsung Electronics America, Inc.;

10         I.      A declaration that the claims of U.S. Patent No. 6,038,195 are not infringed

11  by Samsung Electronics Co., Ltd. or Samsung Electronics America, Inc.;

12         J.      A declaration that the claims of U.S. Patent No. 6,067,592 are not infringed

13  by Samsung Electronics Co., Ltd. or Samsung Electronics America, Inc.;

14         K.      A declaration that the claims of U.S. Patent No. 6,101,152 are not infringed

15  by Samsung Electronics Co., Ltd. or Samsung Electronics America, Inc.;

16         L.      A declaration that the claims of U.S. Patent No. 6,324,120 are not infringed

17  by Samsung Electronics Co., Ltd. or Samsung Electronics America, Inc.;

18         M.      A declaration that the claims of U.S. Patent No. 6,378,020 are not infringed

19  by Samsung Electronics Co., Ltd. or Samsung Electronics America, Inc.;

20         N.      A declaration that the claims of U.S. Patent No. 6,426,916 are not infringed

21  by Samsung Electronics Co., Ltd. or Samsung Electronics America, Inc.;

22         O.      A declaration that the claims of U.S. Patent No. 6,452,863 are not infringed

23  by Samsung Electronics Co., Ltd. or Samsung Electronics America, Inc.;

24         P.      A declaration that the claims of U.S. Patent No. 5,915,105 are invalid and

25  unenforceable;

26         Q.      A declaration that the claims of U.S. Patent No. 5,953,263 are invalid and

27  unenforceable;

28

ANSWER TO COMPLAINT FOR PATENT
INFRINGEMENT              22                   CASE NO. C 05 02298 WDB

1        R.      A declaration that the claims of U.S. Patent No. 6,034,918 are invalid and

2  unenforceable;

3        S.      A declaration that the claims of U.S. Patent No. 6,038,195 are invalid and

4  unenforceable;

5        T.      A declaration that the claims of U.S. Patent No. 6,067,592 are invalid and

6  unenforceable;

7        U.      A declaration that the claims of U.S. Patent No. 6,101,152 are invalid and

8  unenforceable;

9        V.      A declaration that the claims of U.S. Patent No. 6,324,120 are invalid and

10  unenforceable;

11        W.      A declaration that the claims of U.S. Patent No. 6,378,020 are invalid and

12  unenforceable;

13        X.      A declaration that the claims of U.S. Patent No. 6,426,916 are invalid and

14  unenforceable;

15        Y.      A declaration that the claims of U.S. Patent No. 6,452,863 are invalid and

16  unenforceable;

17        Z.      Award Samsung for Rambus's unjust enrichment, all royalties collected by

18  Rambus on all patents and licenses that benefited in any way from Mr. Steinberg's work for

19  Rambus prior to termination of his employment by Samsung;

20        AA.      Hold that any patents or patent applications that claim priority to any patent

21  or patent application that pre-dates the termination of Mr. Steinberg's employment by Samsung

22  may not be enforced against SEC, SEA, or any of their subsidiary or affiliate companies;

23        BB.      An injunction barring Rambus from enforcing its patents;

24        CC.      A finding that this case is an exceptional case and an award of attorneys'

25  fees and costs to Samsung pursuant to 35 U.S.C. § 285; and

26        DD.      Any and all other relief to which they may be justly entitled.

27

28

1    Dated: June 22, 2005.

2                         Respectfully submitted,

3

4                   By:   /s/ Matthew D. Powers
                                Matthew D. Powers

5                 Attorney for Defendants
                 SAMSUNG ELECTRONICS CO., LTD.,

6                 SAMSUNG ELECTRONICS AMERICA, INC.,
                 SAMSUNG SEMICONDUCTOR, INC., and

7                 SAMSUNG AUSTIN SEMICONDUCTOR, L.P.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT FOR PATENT
INFRINGEMENT                 24                     CASE NO. C 05 02298 WDB

1

**DEMAND FOR JURY TRIAL**

2 Defendants  SAMSUNG ELECTRONICS CO., LTD., SAMSUNG

3 ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG

4 AUSTIN SEMICONDUCTOR, L.P., hereby demand a trial by jury on all issues triable of right

5 by a jury that are raised for determination by this Amended Complaint or that may be raised by

6 any counterclaim to be filed herein.

7 Dated:  June 22, 2005                                WEIL, GOTSHAL & MANGES LLP

8

By:    /s/ Matthew D. Powers
9                                                                        Matthew D. Powers

10                                                       Attorney for Defendants
11                                                       SAMSUNG ELECTRONICS CO., LTD.,
                                                         SAMSUNG ELECTRONICS AMERICA, INC.,
12                                                       SAMSUNG SEMICONDUCTOR, INC., and
                                                         SAMSUNG AUSTIN SEMICONDUCTOR, L.P.
13

14

15 **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

16         Pursuant to Civil Local 3-16, the undersigned certifies that as of this date, other

17 than the named parties, there is no such interest to report.

18 Dated:  June 22, 2005                                WEIL, GOTSHAL & MANGES LLP

19

By:    /s/ Matthew D. Powers
20                                                                        Matthew D. Powers
                                                         Attorney for Defendants
21                                                       SAMSUNG ELECTRONICS CO., LTD.,
                                                         SAMSUNG ELECTRONICS AMERICA, INC.,
22                                                       SAMSUNG SEMICONDUCTOR, INC., and
                                                         SAMSUNG AUSTIN SEMICONDUCTOR, L.P.
23

24

25

26

27

28