**E-FILED on**    10/3/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAMBUS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC., <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., <br><br> NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A., <br><br> Defendants. | No. C-05-00334 RMW <br><br> ORDER DENYING SAMSUNG'S MOTION TO CONSOLIDATE THE UNCLEAN HANDS ISSUE <br><br> **[Re Docket No. 62]** |
| RAMBUS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR, L.P., <br><br> Defendants. | No. C-05-2298 RMW <br><br> **[Re Docket No. 27]** |

ORDER DENYING SAMSUNG'S MOTION TO CONSOLIDATE—C-05-00335 RMW; C-05-02298 RMW

Samsung has asked to consolidate the unclean hands defense in the above-captioned cases with that issue pending in one related action, *Hynix v. Rambus*, 00-20905, and asks that the evidentiary hearing currently scheduled to commence on October 17, 2005 be continued. The court heard argument on the matter on September 30, 2005. After considering the papers and the oral argument of counsel, the court denies Samsung's motion to consolidate. The evidentiary hearing involving Rambus and Hynix will proceed as scheduled.

## I. BACKGROUND

This court has before it three related actions in which Rambus asserts patent infringement claims against DRAM manufacturers: *Hynix v. Rambus*, 00-20905 RMW; *Rambus v. Hynix et al.*, 05-00334 RMW; and *Rambus v. Samsung*, 05-02298 RMW. The Honorable Judge Payne in the Eastern District of Virginia had before him *Rambus v. Infineon*, No. Civ. A. 3:00CV524, which involved another DRAM manufacturer and which settled, and currently has pending *Samsung v. Rambus*, No. Civ. A. 3:05CV406, a declaratory judgment action, filed immediately after Rambus filed the *Rambus v. Samsung* action in this court.[1]

As is well known to the parties, in March 2005, Rambus's patent claims against Infineon were orally dismissed by Judge Payne prior to the commencement of trial after he found that Rambus had engaged in extensive spoliation of evidence. However, before Judge Payne issued a written ruling setting forth his findings, Rambus and Infineon settled their case. Despite the dismissal, the litigation in this court must take into account the events which have taken place before Judge Payne and what remains pending before him.

Rambus filed its complaint for patent infringement against Samsung before this court on June 6, 2005. The next day, Samsung filed its complaint for declaratory relief in the Eastern District of Virginia seeking, *inter alia*, declaratory relief that four of Rambus's patents are unenforceable. Samsung filed a motion for summary judgment before Judge Payne asking him to rule that Rambus is collaterally estopped from denying it has unclean hands based on Judge Payne' *Infineon* ruling. Rambus moved to transfer that action here. On September 14, 2005, Judge Payne denied the motion to transfer and announced his intention to rule on the summary judgment motion. On September 22, 2005, Rambus filed with the Eastern District of Virginia a Notice of Filing of Covenant Not to Sue on any patents at issue in the Virginia action. It then filed a motion

---

[1] Litigation by Rambus against DRAM manufacturers is also ongoing in the District of Delaware in *Rambus v. Micron*, C.A. No. 00-792-KAJ. Rambus is also engaged in litigation against DRAM manufacturers in the California and Delaware state courts.

ORDER DENYING SAMSUNG'S MOTION TO CONSOLIDATE—C-05-00335 RMW; C-05-02298 RMW

1  to dismiss the Virginia action for lack of jurisdiction, asserting that no controversy remained upon which
2  declaratory relief could be granted. Judge Payne very recently heard oral argument on Rambus's motion to
3  dismiss and Samsung's motion for summary judgment. Both motions are under submission.

4        This court is scheduled to commence an evidentiary hearing in *Hynix v. Rambus* on October 17, 2005
5  to address allegations by Hynix that Rambus has engaged in widespread spoliation of evidence warranting the
6  dismissal of Rambus's patent infringement claims against it. The first of the pretrial filings required by this court's
7  Standing Order were due on the date of the hearing on Samsung's consolidation motion. Samsung asks to
8  consolidate the unclean hands issues in the above-captioned cases with the unclean hands issue in *Hynix v.*
9  *Rambus* to permit it (along with the other defendants in those cases) to participate in the evidentiary hearing.
10 To that end, Samsung and co-defendant Nanya Technologies Corporation ("Nanya") ask the court to continue
11 the trial for three to four months to permit them to obtain relevant discovery and to prepare their cases.

12 **II. ANALYSIS**

13       Consolidation of the unclean hands issues in the three cases before this court has some appeal and
14 could prevent this court from having to revisit the issue in three different cases. It potentially obviates collateral
15 estoppel and judicial notice issues that may arise among the three cases and, if the hearing is continued, would
16 allow the court to consider the effect of Judge Payne's rulings in the *Samsung* case pending before him.
17 Rambus, however, asks for this court to go further and (1) require that the consolidated evidentiary hearing
18 proceed solely on the *Hynix v. Rambus* discovery permitted as of the day of the hearing, leaving Samsung-
19 or Nanya-specific issues for another hearing; and (2) order the unclean hands issue in the Virginia case
20 consolidated with the evidentiary hearing in *Hynix v. Rambus* so that the unclean hands issue can be
21 determined once and for all by a single tribunal.[2] But Rambus has already litigated this issue: Judge Payne
22 made a determination and Rambus lost. It is Judge Payne's perogative to determine the appropriateness of
23 considering the issue as raised by Samsung. This court will not interfere in the Virginia action.

24       Although the court recognizes that Rambus is partially motivated by reluctance to have Judge Payne's
25 spoliation findings memorialized in a formal order, Rambus has legitimate concerns with delaying the unclean
26 hands hearing. Awaiting Judge Payne's decision has the potential of injecting significant delay into the

27
28     [2] Rambus also offered for the first time at the hearing on the motion, to pay Samsung's attorneys' fees to resolve any possible dispute under 35 U.S.C. § 285. The thrust of Rambus's offer is, of course, to have all unclean hands issues litigated before this court rather than in Judge Payne's court.

ORDER DENYING SAMSUNG'S MOTION TO CONSOLIDATE—C-05-00335 RMW; C-05-02298 RMW
3

proceedings in this case. If Judge Payne issues an order including his factual findings regarding Rambus's alleged spoliation in a final judgment, his order would be subject to appeal to the Federal Circuit. Further, the findings might or might not have the collateral estoppel effect in the Hynix case, which would present the question of whether the *Hynix* case should be stayed while the *Samsung* findings in the Virginia action are challenged on appeal.

Maintaining the current schedule appears to be the best approach, although not without drawbacks. Any voluntary resolution of the issues between the parties, for which the cases cry out, is seems unlikely absent some sort of resolution to the unclean hands issue before this court. The uncertainty regarding the enforceability of Rambus's patents impedes meaningful progress. Further, the longer these issues are drawn out, the more complicated the cases become. Hynix and Rambus have been preparing for the hearing for some time and are ready to go. Samsung has just recently become involved in the litigation with Rambus. Therefore, the court declines to continue the Hynix/Rambus unclean hands hearing scheduled to commence October 17, 2005.

Samsung and Nanya cannot reasonably expected to participate in the hearing commencing October 17, 2005. Both stated that they would prefer not consolidating the case if participation by October 17, 2005 were required. Since the pre-trial statement and other pre-trial filings for the evidentiary hearing currently due, Samsung and Nanya would be unable to meaningfully participate. Thus, in light of the need to move forward with the evidentiary hearing as scheduled, the court will not consolidate the unclean hands issues in the three cases.

The court recognizes its decision may result in some duplication of work. It is also acutely aware that it may be making its unclean hands decision concurrently with Judge Payne's determination of his jurisdiction over the Virginia case and the summary judgment motion before him. The court acknowledges that Judge Payne has already heard much of the unclean hands evidence and may potentially issue a ruling that has some collateral estoppel application to the matters pending here. If that occurs, this court may end up having wasted some judicial time and resources. However, alternative approaches present greater potential concerns. By this order, the court neither expresses nor implies what it thinks Judge Payne should do with the matters pending before him.

## III.  ORDER

For the foregoing reasons, the court denies Samsung's motion to consolidate the unclean hands issues in this case with those in the *Hynix v. Rambus* action.  The evidentiary hearing shall commence as scheduled on October 17, 2005.  The parties shall file the pretrial documents previously due on September 30, 2005 on Tuesday, October 4, 2005.  The remaining trial and pretrial dates shall remain as scheduled.

DATED:        10/3/05                                           /s/ Ronald M. Whyte
                                                            RONALD M. WHYTE
                                                            United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

| | |
|---|---|
| Jeannine Y. Sano | jsano@dbllp.com |
| Carolyn Hoecker Luedtke | luedtkech@mto.com |
| Craig N. Tolliver | ctolliver@deweyballantine.com |
| Gregory P. Stone | gregory.stone@mto.com |
| James J. Elacqua | jelacqua@deweyballantine.com |
| Kevin S. Kudlac | kkudlac@dbllp.com |
| Peter A. Detre | detrepa@mto.com |
| Pierre J. Hubert | phubert@dbllp.com |
| Burton Alexander Gross | grossba@mto.com |

**Counsel for Defendant(s):**

| | |
|---|---|
| Matthew D. Powers | matthew.powers@weil.com |
| David J. Healey | david.healey@weil.com |
| Jason Sheffield Angell | jangell@orrick.com |
| Theodore G. Brown | tgbrown@townsend.com |
| Vickie L. Feeman | vfeeman@orrick.com |
| Daniel J. Furniss | nghafari@townsend.com |
| Jordan Trent Jones | jtjones@townsend.com |
| Patrick Lynch | plynch@omm.com |
| Kenneth L. Nissly | kennissly@thelenreid.com |
| Mark Shean | mshean@orrick.com |
| Geoffrey H. Yost | gyost@thelenreid.com |
| Susan G. van Keulen | svankeulen@thelenreid.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     10/3/05                                    /s/ MAG
                                                  **Chambers of Judge Whyte**

ORDER DENYING SAMSUNG'S MOTION TO CONSOLIDATE—C-05-00335 RMW; C-05-02298 RMW