**E-FILED on** __11/16/06__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAMBUS INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>HYNIX SEMICONDUCTOR INC., et al.,<br><br>          Defendants. | No. C 05-00334 RMW<br><br>[TENTATIVE] ORDER FOLLOWING CASE MANAGEMENT CONFERENCE ON OCTOBER 6, 2006 |
| RAMBUS INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>          Defendants. | No. C-05-02298 RMW |
| RAMBUS INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>MICRON TECHNOLOGY, INC., et al.,<br><br>          Defendants. | No. C-06-00244 RMW |

A case management conference was held on October 6, 2006 to consider whether the stay previously issued in the above captioned cases ("*'05-'06 Rambus* cases") should be lifted and, if so, what scheduling order should be issued.  The parties, as requested, submitted a Joint Supplemental Case Management Statement ("JSCMS") that sets forth their respective positions and the fundamental threshold issue of whether the cases should remain stayed or proceed on a schedule that would allow the cases to be litigated as soon as practical.  The defendants all argue that the cases should be stayed pending a final decision in *In the Matter of Rambus, Inc.*, FTC Docket No. 9302 ("*Rambus* FTC case"), and until after resolution of the bifurcated antitrust conduct phase of related case C-00-20905 involving Rambus and Hynix  (*Hynix I* Conduct Trial).  They argue that the FTC's decision "has changed the entire Rambus litigation landscape." JSCMS at 4:12.  They submit that whatever the FTC imposes as a remedy in the *Rambus* FTC case and the result in the *Hynix I* Conduct Trial will have a major impact on the scope and issues in the *'05-'06 Rambus* cases.

Rambus vigorously disagrees and argues that the remedy in the *Rambus* FTC case will have little impact on the *'05-'06 Rambus* cases because, among other reasons, those cases "address infringement by post-DDR products which are unaffected by the FTC's recent opinion." JSCMS at 2:17-18.  Rambus also submits that a continued stay will allow defendants "to continue their unfair advantage over the companies who are licensed to manufacture Rambus's latest product, XDR, and who are paying royalties in return for that right." JSCMS at 12:10-12.

Hynix and Rambus both blame each other for the failure to reach a resolution of their long and no holds barred litigation.  They disagree on whether the remedy issued by the FTC will have a major impact on a resolution.  As the court has observed, this case cries out for a business resolution because the parties could clearly benefit from working together.  However, despite the efforts of talented mediators and judicial officers, no progress toward settlement has apparently been made.

The court believes that the remedy imposed by the FTC should have a major impact on the parties but prior history unfortunately suggests it may not.  The court is also mindful that the parties' positions on whether a stay is appropriate are undoubtedly based upon the leverage they believe a stay or lack of a stay will give to them.  The litigation among the parties will have to cease at some

point or they will continue to be litigating, appealing and perhaps re-litigating for years at tremendous expense and detriment to themselves and the industry.

After taking into account the legitimate concerns of the parties, as well as trying to keep the costs of the parties and the efficient and non-duplicatory use of the judiciary under control, the court finds that the *'05-06 Rambus* cases should continue to be stayed until February 2, 2007 or the issuance of a Final Order of the Commission, whichever occurs first with certain exceptions set forth below.  This is the same length of stay that currently is in place in the *Hynix I* Conduct Trial.  The parties can re-evaluate their positions by February 2, 2007 or before the FTC has issued its remedy and, if necessary, the court can put the *Hynix I* Conduct Trial and the *'05-'06 Rambus* cases on schedules.  If the FTC has not issued its remedy by February 2, 2007, the court will lift the stay, unless there is some indication that a decision is imminent.

In order to balance Rambus's concern about delay and the defendants' concern about inefficient use of their and the court's resources, the *'05-'06 Rambus* cases are not stayed to the extent that the parties are to make a good faith effort to accomplish the following before the next case management conference:

1. agreement to a single, common protective order that will govern new discovery in the *05-'06 Rambus* cases;

2. getting all pleadings at issue (the court recognizes it owes Samsung and Rambus a ruling on Rambus's Motion to Dismiss Samsung's Amended Counterclaims);

3. the filing of any motion by Samsung that Judge Payne's ruling has res judicata or collateral effect on any issues involving Samsung;

4. disclosure by Rambus of its asserted claims and preliminary infringement contentions; and

5. a proposal to reduce the number of claims to be asserted (this will have a significant impact on scheduling and discovery).  The court does not suggest that Rambus be forced to dismiss with prejudice legitimate infringement claims but it does suggest that it is totally impractical to prepare to litigate the number of claims (and perhaps more importantly the number of terms or amount of language needing construction) apparently asserted by Rambus.

1   The court indicated at the conference on October 6, 2006 that it would allow the parties to
2 respond to this [TENTATIVE] order. Any party wishing to respond is to submit its response by
3 November 22, 2006. This order will automatically become the final order, unless modified by the
4 court by November 30, 2006.

5
6 DATED:     11/16/06                              /s/ Ronald M. Whyte
                                                  _____
7                                                 RONALD M. WHYTE
                                                  United States District Judge

[TENTATIVE] ORDER FOLLOWING CASE MANAGEMENT CONFERENCE ON OCTOBER 6, 2006
C-05-00334 RMW, C-05-02298 RMW, and C-06-00244 RMW
4

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

| | |
|---|---|
| Gregory P. Stone | gregory.stone@mto.com |
| Peter A. Detre | detrepa@mto.com |
| Carolyn Hoecker Luedtke | luedtkech@mto.com |
| Burton Alexander Gross | grossba@mto.com |
| Steven McCall Perry | steven.perry@mto.com |
| | |
| Jeannine Y. Sano | jsano@dbllp.com |
| Craig N. Tolliver | ctolliver@deweyballantine.com |
| James J. Elacqua | jelacqua@deweyballantine.com |
| Kevin S. Kudlac | kkudlac@dbllp.com |
| Pierre J. Hubert | phubert@dbllp.com |
| Brian K. Erickson | berickson@dbllp.com, |
| Saxon S. Noh | snoh@dbllp.com |
| David C. Vondle | dvondle@deweyballantine.com |
| | |
| James E. Lyons | jlyons@skadden.com |
| Raoul D. Kennedy | rkennedy@skadden.com |
| Jeffrey G. Randall | Jrandall@skadden.com |

**Counsel for Defendant(s):**

| | |
|---|---|
| Matthew D. Powers | matthew.powers@weil.com |
| David J. Healey | david.healey@weil.com |
| Edward R. Reines | Edward.Reines@weil.com |
| John D Beynon | john.beynon@weil.com |
| Jared Bobrow | jared.bobrow@weil.com |
| Leeron Kalay | leeron.kalay@weil.com |
| | |
| Theodore G. Brown, III | tgbrown@townsend.com |
| Daniel J. Furniss | djfurniss@townsend.com |
| Jordan Trent Jones | jtjones@townsend.com |
| | |
| Kenneth L. Nissly | kennissly@thelenreid.com |
| Geoffrey H. Yost | gyost@thelenreid.com |
| Susan Gregory van Keulen | svankeulen@thelenreid.com |
| | |
| Patrick Lynch | plynch@omm.com |
| | |
| Jason Sheffield Angell | jangell@orrick.com |
| Vickie L. Feeman | vfeeman@orrick.com |
| Mark Shean | mshean@orrick.com |
| Kai Tseng | hlee@orrick.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**       11/16/06                                           SPT
                                                            **Chambers of Judge Whyte**

[TENTATIVE] ORDER FOLLOWING CASE MANAGEMENT CONFERENCE ON OCTOBER 6, 2006
C-05-00334 RMW, C-05-02298 RMW, and C-06-00244 RMW