*E-filed:*    9/25/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>    Plaintiffs,<br><br>    v.<br><br>RAMBUS INC.,<br><br>    Defendant. | No. CV-00-20905 RMW<br><br>ORDER DENYING HYNIX'S MOTION FOR SUMMARY JUDGMENT ON CAL. BUS. & PR0F. CODE § 17200 CLAIM AND EQUITABLE ESTOPPEL DEFENSE<br><br>**[Re Docket No. 2436]** |

| | | |
|---|---|---|
| 1 | RAMBUS INC., | No. C-05-00334 RMW |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., | |
| 5 | HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC., | |
| 6 | | |
| 7 | SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., | |
| 8 | SAMSUNG AUSTIN SEMICONDUCTOR, L.P., | |
| 9 | | |
| 10 | NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A., | |
| 11 | | |
| | Defendants. | |
| 12 | RAMBUS INC., | No. C-05-02298 RMW |
| 13 | Plaintiff, | |
| 14 | v. | |
| 15 | SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, | |
| 16 | INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, | |
| 17 | L.P., | |
| 18 | Defendants. | |
| 19 | RAMBUS INC., | No. C-06-00244 RMW |
| 20 | Plaintiff, | |
| 21 | v. | |
| 22 | MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, | |
| 23 | INC., | |
| 24 | Defendants. | |

(Left margin: **United States District Court** — For the Northern District of California)

26  Hynix has moved for summary judgment on its Cal. Bus. & Prof. Code § 17200 unfair

27  competition claim against Rambus and its equitable estoppel defense to Rambus's patent

28
ORDER DENYING HYNIX'S MOTION FOR SUMMARY JUDGMENT ON CAL. BUS. & PR0F. CODE § 17200 CLAIM AND EQUITABLE ESTOPPEL DEFENSE
C-00-20905 RMW
2

infringement claims on the basis that the Federal Trade Commission's ("FTC") August 2, 2006 opinion in *In the Matter of Rambus Inc.*, Docket No. 9302 ("*Rambus FTC*"), established the necessary elements of that claim and defense. Samsung, Nanya and Micron (collectively with Hynix the "Manufacturers") are parties in the consolidated "conduct trial" and assert the same or similar unfair competition claims and estoppel defenses and have supplemented Hynix's briefing. Rambus opposes the motion. The court has read the moving and responding papers and considered the arguments of counsel. For the reasons set forth below, the court DENIES Hynix's motion.

## I. BACKGROUND

On August 2, 2006 the Federal Trade Commission, by unanimous decision, issued an opinion finding that Rambus violated Section 5 of the FTC Act by engaging in conduct that violated Section 2 of the Sherman Act. *Rambus FTC* at 27-119. The Commission, in a footnote to its quotation of Section 2 of the Sherman Act, noted that "[b]ecause we find that Rambus unlawfully monopolized the four relevant markets delineated by Complaint Counsel . . . , we need not consider the further allegation[ ] that . . . Rambus's conduct otherwise constituted an unfair method of competition." *Id.* at 27, fn. 124.

The Manufacturers claim that the findings made by the FTC in *Rambus FTC* establish the elements of their Cal. Bus. & Prof. Code § 17200 claims and their equitable estoppel defenses to Rambus's patent infringement claims. Specifically, Hynix argues that "[t]he fact that the FTC has determined that Rambus violated Section 5 of the FTC Act (which is appropriate for judicial notice) establishes a *per se* violation under the 'unlawful' prong of the FTC." Hynix's Mot. Summ. J. at 2:13-15. In addition, Hynix submits that the FTC's finding that Rambus misled its fellow participants in a standard setting process to believe that it did not have intellectual property covering the proposed standard that it intended to enforce fulfills the requirements for a finding of equitable estoppel. *Id.* at 15:23-16:19. Rambus disagrees and argues that the FTC's findings can have no collateral estoppel effect in the current proceedings.

## II. APPLICABILITY OF DOCTRINE OF COLLATERAL ESTOPPEL

### A. Judicial Notice of FTC Findings Does Not Establish the Facts in Those Findings

Hynix first argues that this court may grant its motion for summary judgment on its § 17200 claim merely by taking judicial notice of the FTC's decision in *Rambus FTC*. Hynix claims that "[t]he FTC's determination that Rambus violated Section 5 establishes the requisite 'unlawful' conduct under the UCL, and entitles Hynix to summary judgment." *Id.* at 7:21-23. The court disagrees. "As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). Therefore, judicial notice of the *Rambus FTC* decision cannot establish the requisite unlawful conduct.

### B. *Prima Facie* Weighting and Collateral Estoppel Under Section 5(a) of the FTC Act

The Manufacturers' primary argument, however, is that their unfair competition claims and equitable estoppel defenses are established through the collateral estoppel use of the findings in *Rambus FTC*. Rambus submits that collateral estoppel cannot be applied. The parties' dispute centers on the interpretation of Section 5(a) of the Clayton Act which provides:

> (a) Prima facie evidence; collateral estoppel
>
> A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: *Provided*, That this section shall not apply to consent judgments or decrees entered before any testimony has been taken. Nothing contained in this section shall be construed to impose any limitation on the application of collateral estoppel, except that, in any action or proceeding brought under the antitrust laws, collateral estoppel effect shall not be given to any finding made by the Federal Trade Commission under the antitrust laws or under section 45 of this title which could give rise to a claim for relief under the antitrust laws.

15 U.S.C. § 16(a). A parsing of the section shows that only *prima facie* weighting, and not collateral estoppel effect, can be given to the findings in the final judgment of the FTC in *Rambus FTC* if: (1) the proceeding in *Rambus FTC* was brought by the United States under the antitrust laws; (2) the findings were made under the antitrust laws or under Section 5(a) of the FTC Act and could have

ORDER DENYING HYNIX'S MOTION FOR SUMMARY JUDGMENT ON CAL. BUS. & PR0F. CODE § 17200 CLAIM AND EQUITABLE ESTOPPEL DEFENSE
C-00-20905 RMW

4

given rise to a claim for relief under the antitrust laws; and (3) the "action or proceeding" to which the findings are sought to be applied constitutes an action or proceeding brought under the antitrust laws.

### C.  FTC's Findings Made Under Antitrust Laws

The specific findings for which Hynix seeks preclusive effect are that Rambus violated Section 5 of the FTC Act and that it misled its fellow participants in a standard setting process to believe that it did not have intellectual property covering the proposed standard that it intended to enforce.  Hynix's Mot. Summ. J. at 2:21-3:8.  It cannot be reasonably disputed that these findings are findings by the FTC which were either made under the antitrust laws or under Section 5(a) and "could [have given] rise to a claim for relief under the antitrust laws." *See Rambus FTC* at 27 n.124 ("Because we find that Rambus unlawfully monopolized the four relevant markets delineated by Complaint Counsel . . . , we need not consider the further allegations that . . . Rambus's conduct otherwise constituted an unfair method of competition."); *id.* at 3 ("The Federal Trade Commission . . . finds that Rambus's acts of deception constituted exclusionary conduct under Section 2 of the Sherman Act, and Rambus unlawfully monopolized the markets for four technologies incorporated into the JEDEC standards in violation of Section 5 of the FTC Act.").  Therefore, by its own words, the FTC has stated that Rambus violated Section 2 of the Sherman Act thus violating Section 5 of the FTC Act.

The deception finding is a predicate act on which the FTC based its finding of a violation of the Sherman Act. The fact that the Section 5 violation was based upon an antitrust violation was recognized by the concurring opinion of Commissioner Leibowitz who noted "[i]t would be equally apt [for the FTC], though, to characterize Rambus's conduct as an 'unfair method of competition' in violation of Section 5 of the FTC Act." *Id.* at 1 (Concurring Op., Comm'r. Leibowitz).  Although the FTC could make findings that conduct violates the FTC Act without also violating the antitrust laws, it did not do so here. *See FTC v. Brown Shoe Co.*, 384 U.S. 316, 321 (1966).  Since what the FTC found was that Rambus violated the Sherman Act, any supporting findings were made under the antitrust laws or at least could have given rise to a claim for relief under the antitrust laws.

ORDER DENYING HYNIX'S MOTION FOR SUMMARY JUDGMENT ON CAL. BUS. & PR0F. CODE § 17200 CLAIM AND EQUITABLE ESTOPPEL DEFENSE
C-00-20905 RMW

1 Therefore, collateral estoppel effect cannot be given to those findings in the consolidated
2 proceedings to the extent that they are considered antitrust proceedings.

### D.  What Constitutes an Antitrust Action or Proceeding

The parties dispute the extent to which the current consolidated federal actions are an "action or proceeding brought under the antitrust laws."  The first step in statutory construction is "to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case."  *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002) (internal quotation marks and citations omitted).  The inquiry ends "if the statutory language is unambiguous and the statutory scheme is coherent and consistent." *Id.* (internal quotation marks and citation omitted).

The Manufacturers contend that the unfair competition and estoppel claims are not being made by them in an antitrust proceeding.  Section 5's preclusion of collateral estoppel use of the FTC's findings only applies "in any action or proceeding brought under the antitrust laws" and Section 5 expressly states that otherwise "nothing contained in this section shall be construed to impose any limitation on the application of collateral estoppel."  Therefore, since agency findings may generally be given collateral estoppel effect, the Manufacturers submit that the FTC's findings are entitled to such in the non-antitrust claims of the consolidated cases.  Rambus counters that the current consolidated proceedings are proceedings under the antitrust laws and thus Section 5's bar on the use of the FTC's findings as collateral estoppel applies.  Rambus further argues that Hynix has failed to show that the FTC made any finding on issues identical to those that Hynix must prove to show a violation of California's unfair competition law or equitable estoppel.

There is a dearth of authority on what Congress meant by the language "any action or proceeding brought under the antitrust laws" as used in Section 5(a).  The Manufacturers assert it means a claim brought under the antitrust laws such as Hynix's Sherman Act claims and covers only the antitrust claims in a lawsuit that has a mixture of antitrust and other claims.  They argue that when Section 5(a) was enacted, the legislative purpose was to provide an incentive to private enforcement of the antitrust laws by lessening a private plaintiff's burden because under the then-

ORDER DENYING HYNIX'S MOTION FOR SUMMARY JUDGMENT ON CAL. BUS. & PR0F. CODE § 17200 CLAIM AND EQUITABLE ESTOPPEL DEFENSE
C-00-20905 RMW

prevailing "mutuality" concept, a private plaintiff could not use collateral estoppel since it was not a party to a proceeding brought by the government.

> Section 5 of the Clayton Act was adopted in response to a recommendation by President Wilson that Congress agree giving private individuals . . . the right to found their (antitrust) suits for redress upon the facts and judgments proved and entered in suits by the Government where the Government has . . . sued the combinations complained of and won its suit . . . Congressional reports and debates on the proposal which ultimately became § 5 reflect a purpose to minimize the burdens of litigation for injured private suitors by making available to them all matters previously established by the Government in antitrust actions.

*Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 567-68 (1951) (internal quotations and citations omitted).

The Manufacturers further argue that after Section 5(a)'s enactment, a debate arose as to whether the *prima facie* effect rule was a minimum standard or a standard that preempted collateral estoppel use. Thereafter, a 1980 amendment to Section 5(a) made clear that the limitation to *prima facie* effect only applied to use of FTC findings in antitrust claims and not to their use as collateral estoppel to bar non-antitrust claims.

However, the Manufacturers fail to explain that if their interpretation is correct, why Section 5(a) says "in any action or proceeding under the antitrust laws" as opposed to saying "in any claim brought under the antitrust laws." They also do not have a satisfactory answer to Rambus's contention that the Manufacturers' position would lead to the curious result of having *prima facie* weighting apply to the FTC finding used in an antitrust claim but collateral estoppel effect apply to a non-antitrust claim that is based upon the same nucleus of facts (e.g., Hynix claims the Section 2 violation found by the FTC serves as the "unlawful conduct" element of the unfair competition claim).

Rambus submits that "any action or proceeding under the antitrust laws" means in any action in which there is an antitrust claim. Rambus asserts that the plain meaning of "any action or proceeding" means the collection of the claims in a lawsuit. It further argues that sound rationale supports its interpretation as Congress did not want to give collateral estoppel effect to findings made by the Federal Trade Commission which serves as both prosecutor and judge. Rambus makes several other arguments as to why collateral estoppel should not apply in this case including

ORDER DENYING HYNIX'S MOTION FOR SUMMARY JUDGMENT ON CAL. BUS. & PR0F. CODE § 17200 CLAIM AND EQUITABLE ESTOPPEL DEFENSE
C-00-20905 RMW

7

1  pointing out the nonsensical result of having collateral estoppel apply to a claim for unfair
2  competition based upon an antitrust violation but not to the antitrust claim itself.

3      Rambus's arguments are not entirely convincing, however.  It does not satisfactorily explain
4  why Section 5(a)'s collateral estoppel bar applies only in antitrust cases and not in cases in which no
5  antitrust claim is involved.  Congress could have precluded the use of FTC findings in all actions as
6  opposed to expressly stating that "[n]othing contained in this section shall be construed to impose
7  any limitation on the application of collateral estoppel, except . . . ."  This language implies that FTC
8  findings, if properly made in an adjudicatory proceeding, may be entitled to preclusive effect.  *See*
9  Rest. 2d Judg. § 83(2) ("An adjudicative determination by an administrative tribunal is conclusive
10 under the rules of res judicata only insofar as the proceeding resulting in the determination entailed
11 the essential elements of adjudication . . . .").

12     The court concludes "any action or proceeding under the antitrust laws" as used in Section
13 5(a) means all claims that are asserted under the antitrust laws or that are based upon essentially the
14 same factual predicate.  It does not include unrelated claims or defenses in a consolidated action.
15 What this conclusion means here is that Hynix cannot establish its unfair competition claims based
16 upon Cal. Bus. & Prof. Code § 17500 by collateral estoppel use of the findings in *Rambus FTC*.
17 This result seems consistent with the intent of Section 5(a) to only give *prima facie* weight to FTC
18 findings in actions that are in essence based upon antitrust violations.  In other words, it eases the
19 private antitrust plaintiff's burden but does not foreclose the defendant from showing the trier of fact
20 why the private plaintiff should not prevail.

21     The use of collateral estoppel to establish a defense to a patent infringement claim may be
22 appropriate, however, because Section 5(a) does not preclude collateral effect being given in other
23 than antitrust actions or proceedings.  "Nothing contained in [Section 5(a)] shall be construed to
24 impose any limitation on the application of collateral estoppel."  15 U.S.C. § 16(a).  Here, Hynix is
25 attempting by its equitable estoppel defense to defeat Rambus's infringement claims; it is not
26 seeking relief under the antitrust or unfair competition laws.  Nevertheless, Rambus argues that the
27 use of collateral estoppel by Hynix does fall within the exception to Section 5(a) because the patent

28 ORDER DENYING HYNIX'S MOTION FOR SUMMARY JUDGMENT ON CAL. BUS. & PR0F. CODE § 17200 CLAIM AND EQUITABLE
ESTOPPEL DEFENSE
C-00-20905 RMW

United States District Court
For the Northern District of California

infringement claims are part of the lawsuit that includes Hynix's claims under the antitrust laws. Therefore, says Rambus, the equitable estoppel defense is being asserted "in any action or proceeding brought under the antitrust laws."  The court does not believe Congress intended to preclude the use of collateral estoppel to establish a defense to a non-antitrust claim (here, patent infringement) if asserted in a lawsuit as an antitrust claim but, on the other hand, allow the use of collateral estoppel if there is no antitrust claim in the suit.  Therefore, "in any action or proceeding brought under the antitrust laws" logically refers to in any claims brought under the antitrust laws including claims that are based upon same nucleus of facts.

### E.  Collateral Estoppel Requirements Not Met for Equitable Estoppel

The fact that Section 5(a) does not preclude giving collateral estoppel effect to the FTC's findings does not necessarily mean that Hynix is entitled to summary judgment on its equitable estoppel defense.  In *A.C. Aukerman v. R.L. Chiades Constr. Co.*, the Federal Circuit sitting *en banc* set forth the three underlying factual elements of equitable estoppel:

1. The patentee, through misleading conduct, leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer.  "Conduct" may include specific statements, action, inaction, or silence where there is an obligation to speak;

2. The alleged infringer relies on that conduct; [and]

3. Due to its reliance, the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim.

960 F.2d 1020, 1041 (Fed. Cir. 1992).  In this case, these elements require a determination that Hynix itself (or in the case of another manufacturer, that particular manufacturer) was misled and would have acted differently had it not been misled.  The FTC did find that through misleading conduct Rambus led members of JEDEC to believe it did not intend to enforce its patents.  However, no finding was made specifically as to whether Hynix, or any other particular JEDEC member or manufacturer, was misled.  The court concludes that a general finding that JEDEC members were misled is not sufficiently specific so as to justify a finding that Hynix is entitled to summary judgment on its equitable estoppel defense.  "To foreclose relitigation of an issue under collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the

ORDER DENYING HYNIX'S MOTION FOR SUMMARY JUDGMENT ON CAL. BUS. & PR0F. CODE § 17200 CLAIM AND EQUITABLE ESTOPPEL DEFENSE
C-00-20905 RMW

9

issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." *Clark v. Bear Stearns & Co.*, 966 F2d. 1318, 1320 (9th Cir. 1992). The FTC made no specific finding that Hynix was misled, nor was such a finding a "critical and necessary part" of the FTC's decision. Finally, although equitable estoppel may be determined by summary judgment, "the trial court must, even where the three elements of equitable estoppel are established, take into consideration any other evidence and facts respecting the equities of the parties in exercising its discretion and deciding whether to allow the defense of equitable estoppel to bar the suit." *A.C. Aukerman Co.,* 960 F.2d at 1043. Here, there are disputed factual issues as to what would have occurred if Rambus disclosed its intent which have a bearing on the reach of any equitable estoppel defense.

### III.  ORDER

For the foregoing reasons, the court DENIES Hynix's motion for summary judgment on its Cal. Bus. & Prof. Code § 17200 claim and equitable estoppel defense.

DATED:    9/25/07

RONALD M. WHYTE
United States District Judge

**THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WAS PROVIDED TO:**

**Counsel for plaintiff:**

Daniel J. Furniss
Theodore G. Brown, III
Jordan Trent Jones
Townsend & Townsend & Crew LLP
379 Lytton Ave
Palo Alto, CA 94301

Patrick Lynch
Kenneth R. O'Rourke
O'Melveny & Myers
400 So Hope St Ste 1060
Los Angeles, CA 90071-2899

Kenneth L. Nissly
Susan van Keulen
Geoffrey H. Yost
Thelen Reid Brown Raysman & Steiner LLP
225 West Santa Clara Street, 12th Floor
San Jose, CA 95113-1723

Allen Ruby
Ruby & Schofield
125 South Market Street, Suite 1001
San Jose, CA 95113-2285

**Counsel for defendant:**

Gregory Stone
Kelly M. Klaus
Steven M. Perry
Munger Tolles & Olson
355 So Grand Ave Ste 3500
Los Angeles, CA 90071-1560

Peter A. Detre
Carolyn Hoecker Luedtke
Munger Tolles & Olson
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907

Peter I Ostroff
Rollin A. Ransom
Michelle B. Goodman
V. Bryan Medlock, Jr.
Sidley Austin Brown & Wood
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013-1010

Jeannine Yoo Sano
Pierre J. Hubert
Dewey Ballantine
1950 University Avenue, Suite 500
East Palo Alto, CA 94303

**Counsel for Samsung:**
Matthew D. Powers   matthew.powers@weil.com
David J. Healey     david.healey@weil.com
Edward R. Reines    Edward.Reines@weil.com

**Counsel for Micron:**
Harold Avrum Barza   halbarza@quinnemanuel.com
Robert Jason Becher  robertbecher@quinnemanuel.com
John D Beynon        john.beynon@weil.com
Jared Bobrow         jared.bobrow@weil.com
Leeron Kalay         leeron.kalay@weil.com

**Counsel for Nanya:**
Jason Sheffield Angell   jangell@orrick.com
Vickie L. Feeman         vfeeman@orrick.com
Mark Shean               mshean@orrick.com
Kai Tseng                hlee@orrick.com

**Dated:**    9/25/07                                   TSF
                                           **Chambers of Judge Whyte**

ORDER DENYING HYNIX'S MOTION FOR SUMMARY JUDGMENT ON CAL. BUS. & PR0F. CODE § 17200 CLAIM AND EQUITABLE ESTOPPEL DEFENSE
C-00-20905 RMW

**United States District Court**
For the Northern District of California