**E-FILED on**   11/2/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>    Plaintiffs,<br><br>    v.<br><br>RAMBUS INC.,<br><br>    Defendant. | No. CV-00-20905 RMW<br><br>ORDER CONVERTING RAMBUS'S MOTION TO DISMISS COUNTS IV-VII OF SAMSUNG'S SECOND AMENDED COUNTERCLAIMS TO A MOTION FOR PARTIAL SUMMARY JUDGMENT |
| RAMBUS INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>    Defendants. | No. C-05-02298 RMW<br><br>**[Re Docket No. 90, 141]** |

**United States District Court**
For the Northern District of California

|   |   |
|---|---|
| RAMBUS INC., | No. C-05-00334 RMW |
| Plaintiff, | |
| v. | **[Re Docket No. 143, 209]** |
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC., | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., | |
| NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A., | |
| Defendants. | |

Rambus Inc. ("Rambus") moves to dismiss counts IV through VII of the Second Amended Counterclaims ("SAC") filed by defendants Samsung Electronics Co., Ltd., Samsung America Electronics, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.P. ("Samsung"), for failure to state a claim because the events at issue occurred outside the applicable limitations periods. Samsung opposes the motion.[1] The court has read the moving and responding papers on this motion, considered the argument of counsel, and, since submission, reviewed the moving and responding papers on a number of other motions in these related actions. The court believes that judicial economy and fairness can best be accomplished by converting the current motions to dismiss to ones for summary judgment and by tentatively ruling on some issues and by

---

[1] Samsung also filed a motion to file a surreply in which it argues that Rambus's filing of the excerpt of deposition testimony by Charles Donohoe, *see* Decl. of Burton A. Gross Supp. Rambus's Reply, Ex. A, is inappropriate on a motion to dismiss. Samsung's motion to file a surreply and to strike the reply declaration were well-taken given that Rambus's motion was for dismissal based upon the pleadings. Now that the court has converted the motion, however, Rambus can offer the declaration if it chooses.

identifying questions it would like the parties to address on summary judgment.[2]

**I. COUNTERCLAIMS AT ISSUE**

Count IV alleges that Rambus aided and abetted a breach of fiduciary duty by Neil Steinberg ("Steinberg"), an attorney formerly employed by Samsung who allegedly did work for Rambus while still employed at Samsung. Samsung employed Steinberg full-time as in-house counsel from November 16, 1994 until August 7, 1998, the date of his resignation. SAC ¶ 99. Throughout that time, Steinberg had employment agreements with Samsung that provided, *inter alia*, that Steinberg could not engage in any alternative employment during the term of his employment agreements without Samsung's prior written consent. *Id.* In February 1998, without Samsung's knowledge, Rambus allegedly engaged Steinberg to provide legal services for enforcing patent claims against DRAM manufacturers. *Id.* ¶ 100. Neither Rambus nor Steinberg ever informed Samsung of Steinberg's "dual employment" and Samsung was not asked and did not give informed consent to Steinberg's legal representation of Rambus during this time period. *Id.* ¶¶110-13. Steinberg allegedly passed on confidential Samsung information such as Samsung's plans to protect its specific implementation of features adopted by JEDEC, a standards setting organization, and how Samsung planned to protect those features. SAC ¶¶ 102-109. Samsung claims it was "harmed by Rambus's aiding and abetting Mr. Steinberg's breach of his fiduciary duty to Samsung." SAC ¶ 216.

Count VI essentially alleges that this same aiding and abetting conduct was an intentional interference by Rambus with Steinberg's contractual relationships with Samsung. SAC ¶¶ 243-245.

Count V alleges that Rambus aided and abetted a breach of fiduciary duty by Steinberg after he left Samsung's employ and began to work full-time for Rambus. Steinberg's duties at Rambus included actively working to help Rambus plan patent prosecution and enforcement strategies against DRAM manufacturers, such as Samsung, and prosecuting Rambus patents relating to SDRAM and DDR SDRAM technology. *Id.* ¶¶ 100, 105-09, 235. Steinberg allegedly used Samsung confidential information for the benefit of Rambus during his full-time employment at Rambus.

---

[2] The court made the decision to convert this motion before it started to review the objections to the Special Master's orders which are set to be heard on November 7. Those papers further support the wisdom of converting the motion.

SAC ¶¶ 224-226.

Count VII alleges that Rambus violated California Business & Professions Code § 17200 by aiding and abetting Steinberg's breaches of fiduciary duties to Samsung, by intentionally interfering with Samsung's contractual relationship with Steinberg, by improperly using information learned at JEDEC to craft patent claims to cover JEDEC-compliant products (including Samsung's), and by destroying evidence to prevent its use in litigation Rambus intended to bring against DRAM manufacturers, *Id.* ¶¶ 259(a)-(e).

## II. TOLLING OF THE STATUTE OF LIMITATIONS

Rambus moves to dismiss each of these counts as time-barred. Samsung opposes the motion on the ground that the statute of limitations was tolled until early 2005 when Samsung learned the full scope of Steinberg's employment by Rambus from the *Rambus v. Infineon* litigation pending in the Eastern District of Virginia. *See, e.g.,* SAC at ¶ 239. The statute of limitations for an unfair competition claim is four years and the limitations period for breach of fiduciary duty and interference with contract claims appears to be two years. Cal. Bus. & Prof. Code § 17208, Cal. Code Civ. Proc. § 339; *see Rambus Inc. v. Samsung Elecs. Co., Ltd.*, 2007 WL 39374 at *3 fn. 4 (N.D. Cal Jan. 4, 2007). Without the benefit of tolling, Counts IV through VII appear barred on their face because the latest of Rambus's alleged wrongdoing appears to be December 2000. Therefore, the critical question is whether conduct by Steinberg and Rambus entitles Samsung to tolling under either the discovery rule or the doctrine of equitable tolling.

Although Steinberg had a fiduciary relationship with Samsung during his alleged dual employment and had a continuing fiduciary obligation not to disclose or use confidential Samsung information after he left Samsung and during his subsequent employment by Rambus, his employment by Rambus did not create a fiduciary relationship between Samsung and Rambus. Nevertheless, since Rambus allegedly aided, or at least took advantage of, Steinberg's alleged wrongful conduct and Samsung could reasonably have assumed that Steinberg would obey his obligations to Samsung, it seems logical that the same tolling rules governing breach of fiduciary duty claims should apply to Samsung's claims against Rambus based upon Steinberg's conduct.

United States District Court
For the Northern District of California

Whether the discovery rule or the doctrine of equitable tolling applies, the date of the commencement of the running of the statute of limitations would seem to be the same.[3] In *Bennett v. Hibernia Bank*, 47 Cal.2d 540 (1957), the California supreme court, in holding a complaint sufficient against a general demurrer, stated:

> Plaintiffs must allege and prove facts showing the time and surrounding circumstances of the discovery of the cause of action upon which they rely. The purpose of this requirement is to afford the court a means of determining whether or not the discovery of the asserted invasion was made within the time alleged, that is, whether plaintiffs actually learned something they did not know before. In applying this rule it is important to recognize the distinction between cases where a plaintiff is under a duty to inquire and those in which he has no such duty until he has notice of facts sufficient to arouse the suspicions of a reasonable man. Where there is no such duty, for example, because of the existence of a fiduciary relationship, a plaintiff need not disprove that an earlier discovery could have been made upon a diligent inquiry but need show only that he made an actual discovery of hitherto unknown information within the statutory period before filing the action.

*Id.* at 573. Thus, a plaintiff has a duty to investigate even where a fiduciary relationship exists, but only once "he has notice of facts sufficient to arouse the suspicions of a reasonable man." *Id.* at 563; *Electronic Equipment Express, Inc. v. Donald H. Seiler & Co.*, 122 Cal.App. 834, 855 (1981) (quoting *Bennett*). However, as pointed out by the court in *Snapp & Associates Ins. Services, Inc. v. Malcolm Bruce Burlingame*, 96 Cal.App. 4th 884, 890-91 (2002), the fraudulent concealment doctrine does not toll the statute of limitations, no matter what the defendant has done to conceal his wrongs, if a plaintiff has a suspicion of wrongdoing and knowledge of the harm and its cause.

The essential question to be resolved on these converted motions is when uncontradicted facts establish that Samsung had notice sufficient to reasonably arouse suspicions of Rambus's alleged wrongdoing.

In their briefing on the summary judgment motion, the parties should address at least the following:

1. What specific Samsung confidential information did Rambus obtain through Steinberg as a result of the wrongdoing of Steinberg and Rambus? When did Samsung first become suspicious

---

[3] Although this court in its order dismissing the FAC stated that the discovery rule does not apply to unfair competition cases, a recent California supreme court opinion says the issue is not settled under California law. *Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 635 fn. 7 (2007).

ORDER CONVERTING RAMBUS'S MOTION TO DISMISS COUNTS IV-VII OF SAMSUNG'S SECOND AMENDED COUNTERCLAIMS TO A MOTION FOR PARTIAL SUMMARY JUDGMENT
Nos. C-00-20905; C-05-02298; C-05-00334 RMW
TSF                                                      5

that Rambus was using such information? If dates vary depending on the type of confidential information, specify the date that Samsung reasonably became suspicious for each type of confidential information. For example, what significance should be given to Samsung's purported April 2000 waiver of Steinberg's conflicts?

    2. If Samsung became suspicious that Rambus was using confidential Samsung information, does it make any difference that Samsung did not learn until some time later that Steinberg worked for Rambus while still employed by Samsung?

The parties are to agree on a briefing schedule by November 7, 2007, and, if they cannot agree, the court will set one on that date.

DATED:   11/2/07

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Craig N. Tolliver | ctolliver@mckoolsmith.com |
| Pierre J. Hubert | phubert@mckoolsmith.com |
| Brian K. Erickson | berickson@dbllp.com, |
| David C. Vondle | dvondle@akingump.com |
| Gregory P. Stone | gregory.stone@mto.com |
| Carolyn Hoecker Luedtke | luedtkech@mto.com |
| Peter A. Detre | detrepa@mto.com |
| Burton Alexander Gross | burton.gross@mto.com, |
| Steven McCall Perry | steven.perry@mto.com |
| Jeannine Y. Sano | sanoj@howrey.com |

**Counsel for Defendant(s):**

| | |
|---|---|
| Matthew D. Powers | matthew.powers@weil.com |
| David J. Healey | david.healey@weil.com |
| Edward R. Reines | edward.reines@weil.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**      11/2/07                                                                                  TSF
                                                                                            **Chambers of Judge Whyte**

ORDER CONVERTING RAMBUS'S MOTION TO DISMISS COUNTS IV-VII OF SAMSUNG'S SECOND AMENDED COUNTERCLAIMS TO A MOTION FOR PARTIAL SUMMARY JUDGMENT
Nos. C-00-20905; C-05-02298; C-05-00334 RMW
TSF                                                                    7

**United States District Court**
For the Northern District of California