**E-filed: 1/5/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR U.K. LTD., and HYNIX SEMICONDUCTOR DEUTSCHLAND GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>RAMBUS INC.,<br><br>Defendant. | No. CV-00-20905 RMW<br><br>ORDER GRANTING RAMBUS'S MOTION NO. 2 FOR SUMMARY ADJUDICATION RELATING TO DUTY TO DISCLOSE AND FOR SUMMARY JUDGMENT ON MICRON'S BREACH OF CONTRACT CLAIM<br><br>**[Not Docketed in This Case]** |

| | |
|---|---|
| RAMBUS INC., | No. C-05-00334 RMW |
| Plaintiff, | **[Re Docket No. 548]** |
| v. | |
| HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A., | |
| Defendants. | |
| RAMBUS INC., | No. C-05-00334 RMW |
| Plaintiff, | **[Re Docket No. 548]** |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P., | |
| Defendants. | |
| RAMBUS INC., | No. C-06-00244 RMW |
| Plaintiff, | **[Re Docket No. 236]** |
| v. | |
| MICRON TECHNOLOGY, INC., and MICRON SEMICONDUCTOR PRODUCTS, INC. | |
| Defendants. | |

This order addresses Rambus's motion for summary judgment number two, related to the Manufacturers'[1] antitrust claims and Micron's contract claim. The Manufacturers jointly oppose the motion. The court has reviewed the papers and considered the arguments of counsel. For the reasons set forth below, the court GRANTS Rambus's requests for summary adjudication and GRANTS Rambus's motion for summary judgment on Micron's breach of contract claim.

## I. DUTY TO DISCLOSE

Rambus's motion asks the court to summarily adjudicate two points relating to Rambus's alleged duty to disclose its patents, patent applications, and intentions to file additional patents. As a preliminary matter, Rambus argues that whether Rambus had a duty to disclose under JEDEC's written policies is a question of law. Then, Rambus argues that a breach of whatever disclosure duty existed, standing alone, cannot support a violation of Section 2 of the Sherman Act because the alleged disclosure duty was too vague. Finally, Rambus argues that the court should hold that the alleged disclosure duty did not extend to "beliefs, hopes, or intentions to file or amend patent applications."

### A. Whether a Disclosure Duty is a Question of Law or Fact

Before reaching the substance of this motion, the court must decide whether the existence and scope of a disclosure duty is a question of law for the court or a question of fact for the jury. The commentary to the Restatement Second of Torts provides that:

> Whether there is a duty to the other to disclose the fact in question is always a matter for the determination of the court. If there are disputed facts bearing upon the existence of the duty, as for example the defendant's knowledge of the fact, the other's ignorance of it or his opportunity to ascertain it, the customs of the particular trade, or the defendant's knowledge that the plaintiff reasonably expects him to make the disclosure, they are to be determined by the jury under appropriate instructions as to the existence of the duty.

Rest. (2d) Torts § 551, cmt. m. Citing this section, the Federal Circuit suggests that the existence of a disclosure duty imposed by JEDEC membership would be a question of law for the court, in part

---

[1] For purposes of this order, the court collectively refers to the Hynix, Micron, Nanya and Samsung entities as "the Manufacturers."

ORDER GRANTING RAMBUS'S MOTION NO. 2 FOR SUMMARY ADJUDICATION RELATING TO DUTY TO DISCLOSE AND FOR SUMMARY JUDGMENT ON MICRON'S BREACH OF CONTRACT CLAIM
C-00-20905; C-05-00334; C-05-02298; C-06-00244 RMW
TSF                             3

because it would have arisen from a contractual relationship. *Rambus Inc. v. Infineon Techs. AG*, 318 F.3d 1081, 1087 & n.3 (Fed. Cir. 2003).

The court agrees. Whether there is a duty to disclose must be decided by the court. The issue in some circumstances will turn on underlying disputed facts, however, and require the jury to make findings from which the court will make its decision. If a reasonable jury could interpret the facts, like "the customs of the particular trade," in only one way, then the court can enter summary judgment with respect to the duty.[2]

**B.     Can Breach of the Alleged Disclosure Duty Alone Support Section 2 Liability?**

The court has previously held with respect to Hynix that breach of any written JEDEC patent disclosure obligation alone is insufficient to support antitrust liability under Section 2. *Hynix Semiconductor Inc. v. Rambus Inc.*, 441 F. Supp. 2d 1066, 1080-81 (N.D. Cal. 2006). Rambus moves for the court to enter the same adjudication as to the other Manufacturers.

In opposition, the Manufacturers argue that entering summary judgment on this point is inappropriate because an antitrust defendant's conduct must be gauged as a whole. *See Cont'l Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962).[3] Because the Manufacturers intend to put on additional evidence regarding Rambus's conduct, they argue that entering such an order here will not narrow the issues for trial. The Manufacturers may be correct that entry of the requested summary adjudication will not, as a practical matter, narrow the issues. Rambus,

---

[2] The parties' briefing and argument do not address whether the law/fact aspect of the existence of a disclosure duty for the Manufacturers' fraud claims is identical for the Manufacturers' antitrust claims. As the underlying concerns appear the same, and the court wishes to minimize the instances of cognitive dissonance for the jury, the court concludes that the same standard applies to the antitrust claims.

[3] The Manufacturers also emphasize the Third Circuit's recent decision, *Broadcom Corp. v. Qualcomm, Inc.*, 501 F.3d 297 (3d Cir. 2007), and argue that it can support antitrust liability even for breach of the JEDEC disclosure policy alone. The Manufacturers read *Broadcom* too broadly, given that the court stringently held that "(1) in a consensus-oriented private standard-setting environment, (2) a patent holder's intentionally false promise to license essential proprietary technology on FRAND terms, (3) coupled with an SDO's reliance on that promise when including the technology in a standard, and (4) the patent holder's subsequent breach of that promise, is actionable anticompetitive conduct." *Id.* at 314. Rambus made no intentionally false promises; indeed, Rambus does not appear to have made any affirmatively false representations. The *Broadcom* opinion does not appear to shed much light on whether anticompetitive conduct occurred in this case.

ORDER GRANTING RAMBUS'S MOTION NO. 2 FOR SUMMARY ADJUDICATION RELATING TO DUTY TO DISCLOSE
AND FOR SUMMARY JUDGMENT ON MICRON'S BREACH OF CONTRACT CLAIM
C-00-20905; C-05-00334; C-05-02298; C-06-00244 RMW
TSF                                                                         4

however, advances a strong argument for the need for clear boundaries on Section 2 liability. *See Verizon Communications Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 414-15 (2004). Therefore, the court affirms its summary adjudication that any alleged breach of the written JEDEC disclosure policies, without more, cannot give rise to antitrust liability. However, this ruling does not preclude the admissibility of JEDEC's patent disclosure policies as part of the Manufacturers' evidence of Rambus's alleged overall deceptive anticompetitive scheme.

### C. "Beliefs, Hopes, or Intentions"

The court has previously held that the alleged disclosure duty imposed by JEDEC's written policy "did not extend to beliefs, hopes or intentions to file or amend patent applications." *Hynix Semiconductor Inc. v. Rambus Inc.*, 441 F. Supp. 2d 1066, 1079 (N.D. Cal. 2006); *see Infineon*, 318 F.3d at 1104. The court explicitly noted, however, that this conclusion "extends only to Rambus's duty pursuant to the JEDEC policy." *Id.* Therefore, adoption of that holding would not preclude the Manufacturers from attempting to establish that a duty of disclosure arose from the conduct of the JEDEC members in their treatment of the JEDEC rules. *See Infineon*, 318 F.3d at 1098. By the current motion, Rambus seeks to apply the *Hynix* ruling to all the Manufacturers.

The Manufacturers argue that they have produced sufficient evidence to create a genuine issue regarding whether the JEDEC duty to disclose extends to "beliefs, hopes or intentions." Specifically, they cite to the testimony of Howard H. Sussman, Gordon Kelley, Brett Williams, Tom Landgraf, and Desi Rhoden indicating that some members of JEDEC believed there was a duty to disclose "beliefs, hopes or intentions" to file patent applications as evidence of "the customs of the trade" requiring the jury to decide the scope of the duty. Accordingly, the court adopts its prior ruling that the JEDEC written policies do not in themselves create a duty to disclose "beliefs, hopes or intentions to file or amend patent applications" but without prejudice to the admissibility of the policies as part of the Manufacturers' claim that the JEDEC members by their conduct and treatment of the policies created such a duty.

### II. MICRON'S CONTRACT CLAIM

The court previously held that any alleged contract regarding patent disclosure between

Rambus and JEDEC was too indefinite to be enforced and that the parties had not mutually assented to form any contract. *Hynix*, 441 F. Supp. 2d at 1073-74. Micron argues that courts favor enforcing agreements, even though the court will be "required to fill in some gaps" in this case. While California clearly favors interpreting contracts to allow for their enforcement, there are limits. A contract must be sufficiently definite to allow the court "to ascertain the parties' obligations and to determine whether those obligations have been performed or breached." *Ersa Grae Corp. v. Fluor Corp.*, 1 Cal. App. 4th 613, 623 (1991). The court may fill in the gaps in a contract "if it is possible to reach a fair and just result." *Id.*

Given the evidence in the record, the court concludes as it did with respect to Hynix's contract claims that whatever disclosure obligation existed between Rambus and JEDEC is too indefinite to enforce as a contractual obligation. *See Hynix*, 441 F. Supp. 2d at 1073-74. In the context of reversing a fraud verdict, the Federal Circuit has held that the JEDEC policy features "a staggering lack of defining details." *Rambus Inc. v. Infineon Techs. AG*, 318 F.3d 1081, 1102 (Fed. Cir. 2003). In dismissing Hynix's contract claims, this court agreed with the Federal Circuit. *Hynix*, 441 F. Supp. 2d at 1074.

Micron has not introduced any evidence to convince the court that the JEDEC policy can be interpreted such that the court can reach a fair and just result regarding the indefinite patent disclosure provision. Micron suggests that a patent disclosure requirement can be read into an alleged Rambus-JEDEC contract because the JEDEC Manual of Organization and Procedure provides enough detail to imply such a requirement. Micron cites to paragraph 9.3.1 of the Manual, which requires the chairperson of a JEDEC committee to remind participants that they have an obligation to "inform the meeting of any knowledge they may have of any patents, or pending patents that might be involved in the work they are undertaking." Rosenzweig Decl., Ex. C at 15. Nevertheless, in describing this obligation to the FTC in 1996, JEDEC's parent organization represented that it encourages "the early, voluntary disclosure of patents that relate to the standards in work. Committee and subcommittee chairs ask during the meetings whether any parties are aware of any patents that relate to the contributions under discussion." Polse Decl., Ex. I at 3. Two

ORDER GRANTING RAMBUS'S MOTION NO. 2 FOR SUMMARY ADJUDICATION RELATING TO DUTY TO DISCLOSE AND FOR SUMMARY JUDGMENT ON MICRON'S BREACH OF CONTRACT CLAIM
C-00-20905; C-05-00334; C-05-02298; C-06-00244 RMW
TSF 6

conspicuous differences exist between the letter and the policy manual: the letter refers only to patents (and not patent applications), and the letter refers to encouraging voluntary disclosure, not obligating mandatory disclosure. This stark difference leads the court to find that it cannot reach a "fair and just result" by filling in a "patent disclosure" obligation in the alleged Rambus-JEDEC contract.

Micron also submits that many members of JEDEC believed there was an obligation to disclose patents and patent applications. The court agrees with the Federal Circuit: "Without a clear policy, members form vaguely defined expectations as to what they believe the policy requires-whether the policy in fact so requires or not." *Infineon*, 318 F. 3d at 1102. These after-the-fact, subjective interpretations are minimally probative, and contradicted by Rambus's own contemporaneous interpretation. For example, Billy Garrett's March 5, 1993 email to other Rambus employees reporting on a recent JEDEC meeting stated that:

> The rules ask members to make the committee aware of any patents that may relate to standardization issues, and let everyone else know about them. IT DOES NOT REQUIRE YOU TO DO SO. IBM chooses not to do so.

Polse Decl., Ex. B. Prior to that, Rambus employee and JEDEC representative Richard Crisp mused in an email, "I know that JEDEC takes the position that we should disclose, I wonder if we should discontinue our relationship with them if we are required to disclose in order to remain members in good standing." Rosenzweig Decl., Ex. E. These contradictory understandings underscore the inequity that would result if the court were to "fill in" a patent disclosure obligation in the alleged Rambus-JEDEC contract. Accordingly, Rambus's motion for summary judgment with respect to Micron's contract claim is granted because the alleged contract is too indefinite to be enforced on this point.

/ / /
/ / /
/ / /
/ / /
/ / /

ORDER GRANTING RAMBUS'S MOTION NO. 2 FOR SUMMARY ADJUDICATION RELATING TO DUTY TO DISCLOSE AND FOR SUMMARY JUDGMENT ON MICRON'S BREACH OF CONTRACT CLAIM
C-00-20905; C-05-00334; C-05-02298; C-06-00244 RMW
TSF  7

## III. ORDER

For the foregoing reasons, the court GRANTS Rambus's requests for summary adjudication and GRANTS Rambus's motion for summary judgment on Micron's breach of contract claim.

DATED: 1/5/08

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff(s):**

| | |
|---|---|
| Craig N. Tolliver | ctolliver@mckoolsmith.com |
| Pierre J. Hubert | phubert@mckoolsmith.com |
| Brian K. Erickson | berickson@dbllp.com, |
| David C. Vondle | dvondle@akingump.com |
| Gregory P. Stone | gregory.stone@mto.com |
| Carolyn Hoecker Luedtke | luedtkech@mto.com |
| Peter A. Detre | detrepa@mto.com |
| Burton Alexander Gross | burton.gross@mto.com, |
| Steven McCall Perry | steven.perry@mto.com |
| Jeannine Y. Sano | sanoj@howrey.com |

**Counsel for Defendant(s):**

| | |
|---|---|
| Matthew D. Powers | matthew.powers@weil.com |
| David J. Healey | david.healey@weil.com |
| Edward R. Reines | Edward.Reines@weil.com |
| John D Beynon | john.beynon@weil.com |
| Jared Bobrow | jared.bobrow@weil.com |
| Leeron Kalay | leeron.kalay@weil.com |
| Theodore G. Brown, III | tgbrown@townsend.com |
| Daniel J. Furniss | djfurniss@townsend.com |
| Jordan Trent Jones | jtjones@townsend.com |
| Kenneth L. Nissly | knnissly@thelenreid.com |
| Geoffrey H. Yost | gyost@thelenreid.com |
| Susan Gregory van Keulen | svankeulen@thelenreid.com |
| Patrick Lynch | plynch@omm.com |
| Jason Sheffield Angell | jangell@orrick.com |
| Vickie L. Feeman | vfeeman@orrick.com |
| Mark Shean | mshean@orrick.com |
| Kai Tseng | hlee@orrick.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 1/5/08

TSF
**Chambers of Judge Whyte**