[*Parties Listed On Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAMBUS INC.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>HYNIX SEMICONDUCTOR INC., HYNIX SEMICONDUCTOR AMERICA INC., HYNIX SEMICONDUCTOR MANUFACTURING AMERICA INC.,<br><br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, L.P.,<br><br>NANYA TECHNOLOGY CORPORATION, NANYA TECHNOLOGY CORPORATION U.S.A.,<br><br>　　　　　　Defendants. | Case No. C 05-00334 RMW<br><br>**MICRON'S OPPOSITION TO RAMBUS'S MOTION *IN LIMINE* NO. 6 TO PRECLUDE THE PRESENTATION OF INEQUITABLE CONDUCT EVIDENCE OR ARGUMENT TO THE JURY**<br><br>Hearing Date:　December 19, 2008<br>Time:　　　　　2:00 p.m.<br>Courtroom:　　6<br>Honorable Ronald M. Whyte |

| | | |
|---|---|---|
| 1 | RAMBUS INC., | Case No. C 05-02298 RMW |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., | |
| 5 | SAMSUNG SEMICONDUCTOR, INC., SAMSUNG AUSTIN SEMICONDUCTOR, | |
| 6 | L.P., | |
| 7 | Defendants. | |
| 8 | | |
| 9 | RAMBUS INC., | Case No. C 06-00244 RMW |
| 10 | Plaintiff, | |
| 11 | v. | |
| 12 | MICRON TECHNOLOGY, INC. and MICRON SEMICONDUCTOR PRODUCTS, INC., | |
| 13 | Defendants. | |

Rambus's Motion *In Limine* No. 6 To Preclude The Presentation Of Inequitable Conduct Evidence Or Argument To The Jury ("Rambus's Motion") seeks to exclude any evidence or argument regarding the Manufacturers' claims of inequitable conduct. Consistent with this Court's ruling in *Hynix I*, the Manufacturers do not intend to argue to the jury that Rambus's asserted claims are unenforceable due to inequitable conduct. *See* Beynon Decl.[1] Ex. 1 [3/1/2006 Ruling on Motion *In Limine*] at 20. However, the Court should not preclude the Manufacturers from using evidence that is relevant to issues in the jury trial simply because it is also relevant to inequitable conduct. Moreover, Rambus's Motion should be denied because the relief it seeks is vague, overbroad, and unworkable.

### A.  The Manufacturers Should Be Allowed To Present Relevant Evidence To The Jury

Rambus's motion seeks to preclude the Manufacturers from offering any evidence to the jury that is related to inequitable conduct, even if the evidence is relevant to other issues in the jury trial. *See* Rambus's Motion at 5:12-14 ("[A]ny inequitable conduct evidence should be presented to the Court alone . . ."). Adopting such a ruling would unfairly prejudice the Manufacturers' ability to put on their invalidity and noninfringement cases. In denying in-part a similar motion in *Hynix I*, this Court recognized that some of the evidence that was relevant to inequitable conduct was also relevant to the patent trial. *See* Beynon Decl. Ex. 1 [3/1/2006 Ruling on Motion *In Limine*] at 20 (e.g. "SCI prior art"). Here, the Court should issue a ruling consistent with its previous finding.

While Rambus argues that the Court should broadly exclude evidence from the Patent Trial, the case law Rambus cites supports only a narrow exclusion of evidence that is ***solely relevant*** to inequitable conduct. Indeed, this is consistent with the Court's prior ruling. For example, in *Keytrack*, the only expert testimony excluded was solely relevant to inequitable conduct issues such as "materiality." Rambus's Motion at 2:10-14 (citing *Keytrack, Inc. v. Key Register, LLC*, 2004 WL 2944043, *4 (N.D. Cal. 2004)); *see also Liquid Dynamics Corp. v.*

---

[1] Declaration of John D. Beynon In Support of Oppositions to Rambus's Motions *In Limine* Nos. 6, 8, and 16 ("Beynon Decl.").

1    *Vaughan Co., Inc.*, 2004 WL 2260626, *6 (N.D. Ill.) (N.D. Ill. 2004) (same).  Rambus's cases
2    recognize that evidence which overlaps between the jury issues and inequitable conduct should be
3    presented to the jury.  Rambus's Motion at 2 n.2 (citing *THK America v. NSK, Ltd.*, 1996 WL
4    33398071, *2 (N.D. Ill. 1996) ("There may be no way to keep that type of overlapping evidence
5    from the jury.")); *see also Dekalb Genetics Corp. v. Syngenta Seeds, Inc.*, 2008 WL 382385, *2
6    (E.D. Mo. 2008) ("[T]he Court can incorporate any relevant evidence from the jury trial into its
7    [inequitable conduct] ruling, without the risk of burdening or confusing the jury.").  At best, the
8    case law cited by Rambus demonstrates that when the issue of inequitable conduct is bifurcated,
9    argument and evidence solely relevant to inequitable conduct should be heard only by the Court.
10   Rambus's Motion at 2 n.2 (citing *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*,
11   2007 WL 3208540, *4 (D. Ariz. 2007) ("Thus, the facts relevant to the instant case support
12   bifurcating the trial so the jury does not hear the evidence ***solely relevant*** to inequitable conduct."
13   (***emphasis*** added)); *see also Trading Techs. Int'l v. eSpeed, Inc.*, 507 F. Supp. 2d 870, 874 (N.D.
14   Ill. 2007) ("[E]vidence and argument [that] is relevant only to fraud… should be heard outside of
15   the jury's presence."); *Armament Systems and Procedures, Inc. v. IQ Hong Kong, Ltd.*, 2007 WL
16   101230, 6 (E.D. Wis. 2007).  Consistent with this case law, the Manufacturers do not intend to
17   argue inequitable conduct issues to the jury, or present evidence to the jury that is solely relevant
18   to their inequitable conduct claims.

19            Rambus contends that the Manufacturers should be precluded from submitting to
20   the jury evidence that Rambus deliberately withheld material information from the Patent Office.
21   Rambus's Motion at 4:2-6.  However, where this evidence overlaps with evidence relevant to the
22   jury issues, the evidence is properly presented to the jury.  *See, e.g., THK America*, 1996 WL
23   33398071, 2.  For example, the fact that certain SCI and iAPX references were not considered by
24   the Patent Office should be presented to the jury as relevant evidence to the Manufacturers'
25   invalidity case.  The need for this evidence is especially acute because Rambus will attempt to
26   present to the jury evidence of what prior art was considered by the Patent Office.  If Rambus is
27   allowed to argue that Patent Office "consideration" of certain pieces of prior art supports the
28   validity of Rambus's patents, it would be highly prejudicial to prohibit the Manufacturers from

1  rebutting that inference, by pointing out what prior art the Patent Office did not consider. The
2  argument cannot be one-sided. Additionally, whether the inventors were aware of these
3  references and their understanding of these references is relevant to show what a person of
4  ordinary skill would have considered in addressing the problems in the art, and what would have
5  been rendered obvious by the prior art. Because this and other evidence is relevant to patent
6  issues for the jury to decide, in addition to inequitable conduct, the evidence should not be
7  excluded from the jury trial.[2]

### B. Rambus's Motion Should Be Denied As Vague, Overbroad, And Unworkable

Rambus's Motion and its proposed order to the Court are hopelessly vague, overbroad, and unworkable. In its submission, Rambus seeks to preclude "any inequitable conduct evidence" from the jury trial without specifying any particular evidence or testimony. *See also* Rambus's Proposed Order Granting MIL No. 6 at 1 ("[T]he Manufacturers shall not present evidence, testimony, or argument to the jury relating to the Manufacturers' allegations that Rambus committed inequitable conduct . . ."). None of Rambus's papers identify what this evidence is, or how to discern the evidence Rambus seeks to exclude from evidence that is relevant to jury issues. Indeed, on its face, Rambus's brief seeks to preclude the Manufacturers from presenting their prior art references to the jury that are also evidence of inequitable conduct. And Rambus's Motion would preclude use of the file histories that Rambus will likely seek to use in support of their case. If granted, which it should not be, Rambus's motion does not provide any help in drawing a distinction between evidence that is admissible and evidence that is not. Thus, Rambus's Motion is not helpful to the Court or the parties, and should be denied.

---

[2] Rambus's Motion does not make an argument under Rule 403 regarding whether the probative value of this evidence is substantially outweighed by the danger of unfair prejudice or confusion. *See* Rule 403. Nor does the case law cited by Rambus support exclusion of this evidence under Rule 403.

## II.

## CONCLUSION

For the foregoing reasons, Rambus's Motion *In Limine* No. 6 To Preclude The Presentation Of Inequitable Conduct Evidence Or Argument To The Jury should be denied.

Dated: December 12, 2008

By:  /s/
John D. Beynon (Bar No. 233581)
Email: *john.beynon@weil.com*

JARED BOBROW (Bar No. 133712)
Email: *jared.bobrow@weil.com*
JOHN D. BEYNON (Bar No. 233581)
Email: *john.beynon@weil.com*
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:    (650) 802-3034
Facsimile:    (650) 802-3100

ELIZABETH STOTLAND WEISWASSER
Email: *elizabeth.weiswasser@weil.com*
DAVID LENDER
Email: *david.lender@weil.com*
WEIL, GOTSHAL & MANGES LLP
New York Office
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (646) 842-0505

WILLIAM C. PRICE (Bar No. 108542)
Email: *william.price@quinnemanuel.com*
HAROLD A. BARZA (Bar No. 80888)
Email: *halbarza@quinnemanuel.com*
JON R. STEIGER (Bar No. 229814)
Email: *jonsteiger@quinnemanuel.com*
ROBERT J. BECHER (Bar No. 193431)
Email: *robertbecher@quinnemanuel.com*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendants MICRON TECHNOLOGY, INC. and MICRON SEMICONDUCTOR PRODUCTS, INC.